NO. 12-03-00154-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: EDDIE CABELLO
§
 ORIGINAL PROCEEDING



§
 






MEMORANDUM OPINION
 

 Relator Eddie Cabello ("Relator") seeks a writ of mandamus compelling the trial court to
hold an evidentiary hearing and to rule on his motion to disqualify his appointed counsel. We deny
the writ.

 A trial court abuses its discretion where it (1) has a legal duty to perform a non-discretionary
act, (2) is asked to perform the act, and (3) fails or refuses to do so. Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.- Houston [1st Dist.] 1992, orig. proceeding). When a motion is properly filed
and pending before a trial court, the act of considering and ruling upon that motion is a ministerial
act. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.- Amarillo 2001, orig. proceeding). However,
the trial court has a reasonable time within which to perform this duty. Barnes, 832 S.W.2d at 426. 

 Although the trial court in the case at hand has a legal duty to rule on Relator's motion,
Relator has not shown that he asked the court to conduct a hearing. The appendix to Relator's
petition includes a copy of his motion to disqualify his counsel whereby Relator prays that "the Court
schedule this motion for an evidentiary hearing...." The appendix also includes a copy of Relator's
letter to the Clerk transmitting the motion and requesting that the motion be presented to the judge
"for his consideration." Neither document, however, constitutes a formal request for a hearing, and
the appendix contains no other document requesting a hearing on Relator's motion. Even if
Relator's letter, when read with the prayer in the motion to disqualify, can be considered a request
for a hearing, Relator must also show that the trial court has had a reasonable time within which to
perform its duty. Relator filed his motion on February 2, 2003, and his petition for writ of
mandamus on May 23, 2003. He therefore contends, in essence, that three to four months is a
reasonable time for the trial court to conduct a hearing and rule on his motion.

 What constitutes a reasonable time is dependent upon the circumstances of each case. 
Barnes, 832 S.W.2d at 426. In determining whether a specific length of time is reasonable, an
appellate court may consider, inter alia, (1) the trial court's actual knowledge of the motion, (2) its
overt refusal to act on the motion, (3) the state of the court's docket, (4) the existence of other
judicial and administrative matters which must be addressed first, and (5) the trial court's inherent
power to control its own docket. Chavez, 62 S.W.3d at 229. However, Relator has furnished no
information that allows us to determine the reason for the trial court's failure to act, the state of its
docket, or its schedule. Without such information, we cannot determine whether three to four
months is a reasonable time for the trial court to conduct a hearing and rule on Relator's motion. 
Consequently, Relator has failed to show that he is entitled to mandamus relief. Accordingly,
Relator's petition for writ of mandamus is denied.

 Writ of mandamus denied.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(PUBLISH)