NO. 07-06-0035-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 23, 2006



______________________________




MARK FARR, D/B/A CAR PROBLEMS.NET, APPELLANT



V.



BEST PUBLICATIONS, L.L.P., APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 56,465-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Mark Farr, d/b/a/ Car Problems.Net, filed a notice of appeal from the trial
court's judgment in favor of appellee Best Publications, L.L.P. The notice is untimely. 
Thus, we must dismiss this purported appeal for want of jurisdiction. 

 The trial court's judgment was signed on September 29, 2005, and a motion for new
trial was filed on October 24, making the notice of appeal due on or before December 28,
2005. See Tex. R. App. P. 26.1(a)(1). The notice of appeal, however, was not filed until
January 19, 2006. Assuming, arguendo, application of the 15-day extension period
provided by Rule 26.3 of the Texas Rules of Appellate Procedure, the notice still was not
timely. 

 Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, Farr's counsel,
William J. Rice, Jr., was notified by letter dated January 30, 2006, of the untimely notice
and directed to show grounds for continuing the appeal within ten days. Counsel did not
respond. 

 Accordingly, the purported appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice



ernorris Wayne Dixon, filed his Application for Writ of Mandamus on
November 9, 2007 contending that the trial court denied him the opportunity to present
evidence of allegations of prosecutorial misconduct and ineffective assistance of counsel. 
Further, Dixon contends that the trial court failed to issue a finding of facts and conclusions
of law in the denial of his “First Writ of Habeas Corpus.” However, Dixon did not include
in an appendix to his application a “certified or sworn copy of any order complained of, or
any other document showing the matter complained of.” Tex. R. App. P. 52.3(j)(A). 
Therefore, it is unknown whether the trial court was aware of Dixon’s requests. 
          Additionally, Dixon did not pay the filing fee required under Rule 5 of the Texas
Rules of Appellate Procedure. By letter from this Court dated November 13, 2007, we
advised Dixon that the “filing fee in the amount of $125.00 did not accompany the
captioned original proceeding. Unless the filing fee is paid by Monday, November 26,
2007, this proceeding will be subject to dismissal.” Tex. R. App. P. 5. Dixon has not paid
the fee as directed nor has he filed an affidavit of indigence. See Tex. R. App. P. 20.1. 
          Accordingly, we deny Dixon’s petition. See In re Chavez, 62 S.W.3d 225
(Tex.App.–Amarillo 2001, orig. proceeding).
 
 
                                                                           Mackey K. Hancock

                                                                                      Justice