**In re Steven P. COOPER.**

**No. 10–07–00178–CV.**

Court of Appeals of Texas, Waco.

Nov. 14, 2007.

Steven P. Cooper, Rosharon, pro se.

Kenneth H. Keeling, Huntsville, TX, for Appellee/Respondent.

### DISSENT TO ORDER

TOM GRAY, Chief Justice.

In an unpublished "letter order," the Court requests a response to a petition for writ of mandamus.[1] There are many reasons to deny, or dismiss, the petition for writ of mandamus. There are no reasons to request a response.

#### REASONS TO DISMISS

Because the petitioner has failed to file a record in support of his petition, it is difficult to determine anything other than he is

---

1. The text of the letter order is as follows:

   Relator's petition for writ of mandamus was filed on June 8, 2007. The petition was not properly served on Respondent or the Real-parties-in-interest. In response to correspondence from the Clerk of this Court, and instead of properly serving his petition, on September 20, 2007, Relator filed a different petition (which we have filed as a supplemental petition) that has a proper proof of service.

   Because of the difficulty that we have had in obtaining compliance with the service requirement of Texas Rule of Appellate Procedure 9.5, we use Rule 2 to suspend Rule 9.5 and enclose copies of the petition and

   the supplemental petition for Respondent and the Real-parties. *See In re Buck,* No. 10–07–00287, slip op. at 2, 2007 WL 2994010, at *1 (Tex.App.-Waco Oct. 10, 2007, orig. proceeding) (mem.op.) (Gray, C.J.) (suspending proof of service requirement in appeal involving incarcerated, pro se appellant); *Jones v. State,* No. 10–06–00289–CR, slip op. at 3, 2006 WL 3438574, at *1 (Tex.App.-Waco Nov.22, 2006, no pet.) (Gray, C.J.) (mem.op.) (not designated for publication) (same).

   A response to Relator's petition and supplemental petition is requested. Any response shall be filed no later than 5:00 p.m. on December 18, 2007.

complaining about a delay. Due to the absence of a record, I would dismiss the petition.

Because the petitioner has failed to pay the filing fee, and failed to properly obtain a determination of indigency after being warned of the failure, I would dismiss the petition.

Because the petitioner has failed to provide proper proof of service on the respondent and the real-party-in-interest after being warned of the failure, I would dismiss the petition.[2]

Because the factual allegations in the petition are not sworn to as required by the rules of appellate procedure, I would dismiss the petition.

### REASON TO DENY

The petitioner complains that no action was taken in his case, which he attributes to the trial court, from November 2001 to November 2006 when his case was then set for hearing in February 2007. According to the petitioner, that hearing was not held "because I filed Motion'(s)' for: (1) Discovery Nov. 16th, 2006; (2) 'Summary Judgment' 'Jan. 10th, 2007'; (3) 'Judgment on the Pleadings' 'Mar. 20th, 2007'; (4) 'compel Discovery' & 'No-evid.' 'Apr. 30th, 07'; (5) 'Judgment as a Matter of Law' 'May 7th, 07.' "

As noted above, no record supports these allegations. As noted above, these allegations in the petition are not sworn to as required.

Because the bare allegations made, if true and supported by a proper record, would not support an abuse of discretion for the trial court's alleged failure to timely rule on matters properly presented to him by the petitioner for disposition, I would deny the petition.

### PHILOSOPHICAL AND JURISPRUDENTIAL PROBLEM

This case presents a recurring problem at this Court. The Court sends a notice of a deadline and tells the litigant what we will do if the litigant fails to take some action by the deadline. The deadline passes. The litigant has not taken the action we required. But we fail to take the action we stated we would. Our credibility as an institution is thus undermined because of the simple fact that we did not do what we told the litigant we were going to do.

### We Are Going to Dismiss

On June 22, 2007, we advised Cooper that his petition did not reflect that it had been served on the trial court judge. I also note that it had not been served on the real party in interest either. We gave Cooper notice that he had 21 days to provide proper proof of service. We specifically told him: "Failure to provide a proper proof of service will result in the

---

**2.** The order cites two opinions, making a parenthetical note that I authored them, in which this Court used Rule 2 to proceed to an immediate disposition of the proceeding because it was obvious that even if we received proof of service, the complaining party was not entitled to relief. These cases are being improperly relied on by the Court in this instance. Rather than using Rule 2 to expedite a decision, it is being used to deny a party the fundamental protection of notice. The Court is actually performing the obligation of the relator by enclosing copies of the documents as a substitute for the relator serving the real-party-in-interest and the respondent. If we were using Rule 2 as it was used in the cited cases, we would lift the requirement of service so that we could proceed immediately to a disposition of the proceeding. The Court, rather than proceeding to a disposition, appears to be heading towards a disposition on the merits but has to use Rule 2 to bypass some of the important procedural protections of the other litigants.

dismissal of this proceeding without further notice."

## We Really Mean It, We Are Going to Dismiss

Thirty-one days later, rather than dismiss the proceeding, we directed Cooper's attention to his failure to provide the proof of service and again threatened dismissal without further notice. Our July 23, 2007 warning was as follows:

Relator still has not provided a proper proof of service on Judge Keeling, the Respondent. A copy of all documents presented to the Court must be served on **all parties** to the proceeding and must contain proof of service. *See* TEX. R.APP. P. 9.5. Service and proof of service on the district clerk of Walker County is not service and proof of service on Judge Keeling. **Therefore, Relator has 14 days from the date of this letter to provide a proper proof of service to the Court. Failure to provide a proper proof of service will result in the dismissal of this proceeding without further notice.**

(Emphasis in original.)

## We Really Mean It This Time

On September 4, 2007, we again ignored our two prior warnings and sent a third warning. The warning was in bold type as follows:

**Therefore, a majority of the Court orders that Relator has 14 days from the date of this letter to serve Judge Keeling and to provide a proper proof of service to the Court. Failure to serve Judge Keeling and to provide a proper proof of that service will result in dismissal of this proceeding without further notice.**

**Additionally, a majority of the Court orders that Relator has 14 days from the date of this letter to serve the Real-parties-in-interest and to provide a proper proof of service to the Court. Failure to serve the Real-parties-in-interest and to provide a proper proof of that service will result in the dismissal of this proceeding without further notice.**

The only document the Court received was a supplement to the petition that has no factual allegation of why a writ of mandamus should issue.

## The Problem

This proceeding is brought by an inmate to compel a trial court to proceed in a civil suit against the State. Because neither the trial court, as the respondent, nor the State, as the real party in interest, has been served with the petition, I do not know how the Court can legitimately expect either to respond to it. However, rather than dismissing the petition as threatened, the Court keeps sending notices to Cooper telling him that if he does not serve the persons required by the rules to be served, his petition for a writ of mandamus will be dismissed. Now, without service of the petition and proof of service as required by the rules, the *Court* provides a copy with its request for a response.

## Conclusion

Failure to follow the rules and the deadlines we establish in notices sent to litigants destroys our credibility as an institution. Without further notice, I would do as we have thrice told, threatened, or promised the petitioner that we would do if proof of service was not provided and dismiss this proceeding.

Because the majority now requests a response, I dissent.