IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00178-CV

 

In re
Steven P. Cooper

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Steven P. Cooper, a state prison inmate
proceeding pro se, seeks a writ of mandamus against Respondent, the Honorable
Kenneth H. Keeling, Judge of the 278th District Court of Walker County, generally
on the ground that Respondent has delayed Cooper’s case.

Background

In December 1999, over seven years ago,
Cooper sued the Texas Department of Criminal Justice, Institutional Division,
and several of its officials and employees.  The trial court dismissed Cooper’s
suit, but that dismissal was reversed and remanded in 2001.  See Cooper v.
TDCJ-ID, 2001 WL 1428052 (Tex. App.—Houston [14th Dist.] Nov. 15, 2001, no
pet.) (not designated for publication).  According to Cooper’s petition, his
suit then languished on the docket for five years until November 2006, when a
February 2007 trial date was set.  Cooper avers that the case was not tried
because he then filed five motions (motion for discovery, motion for summary
judgment, motion for judgment on the pleadings, motion to compel discovery and
no evidence, and motion for judgment as a matter of law).

We requested a response to Cooper’s mandamus
petition and supplemental petition, but neither Respondent nor the Attorney
General has filed a response.

Applicable Law and Discussion

We will grant mandamus relief if there has been an
abuse of discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A
trial judge has a reasonable time to perform the ministerial duty of
considering and ruling on a motion properly filed and before the judge.  In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding); In re Martinez Ramirez, 994 S.W.2d 682,
683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  But that duty generally
does not arise until the movant has brought the motion to the trial judge’s
attention, and mandamus will not lie unless the movant makes such a showing and
the trial judge then fails or refuses to rule within a reasonable time.  See
Chavez, 62 S.W.3d at 228.

In this proceeding, Cooper has not shown that he
has brought the various motions to Respondent’s attention, nor has he shown
that Respondent has failed to reset the case for trial.  Thus, we cannot say
that Respondent has abused his discretion, but we are confident that Respondent
will proceed to dispose of Cooper’s motions and lawsuit in a timely fashion.[1] 
See In re Comeaux, 2007 WL 4260638 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding)
(mem. op.); In re Nabelek, 2007 WL 416396 (Tex. App.—Waco Feb. 7, 2007,
orig. proceeding) (mem. op. on reh’g).

Conclusion

We deny the petition and supplemental petition for
writ of mandamus.

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

(Chief Justice Gray concurs only in the judgment
for the reasons noted in his dissent to the request for a response.  See In
re Cooper, 236 S.W.3d 488 (Tex. App.—Waco 2007, dissent to order).)

Petition
and supplemental petition denied

Opinion
delivered and filed January 30, 2008

[OT06]









[1]               We acknowledge the burden of pro se
inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil
Practice and Remedies Code, our judicial system must function for such
litigation as it does for any other.  In addition to providing litigants with
their “day in court,” such functioning will render unnecessary original
proceedings such as this one.








#160;                                           PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Appeal dismissed
Opinion delivered and filed December 17, 2003
[CR25]