NO. 07-08-0177-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2008

______________________________

IN RE RONNIE GENE LONG, RELATOR
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Relator, Ronnie Gene Long, filed his Application for Writ of Mandamus on March
28, 2008, contending that the trial court denied his Motion Nunc Pro Tunc. However, Long
did not include in the appendix to his application a âcertified or sworn copy of any order
complained of, or any other document showing the matter complained of.â Tex. R. App. P.
52.3(j)(A). 
Â Â Â Â Â Â Â Â Â Â Â Additionally, Long did not pay the filing fee required under Rule 5 of the Texas Rules
of Appellate Procedure. By letter from this Court, dated April 24, 2008, we advised Long
that the âfiling fee in the amount of $125.00 did not accompany the captioned original
proceeding. Unless the filing fee is paid by Monday, May 5, 2008, this proceeding will be
subject to dismissal.â Tex. R. App. P. 5. Long has not paid the fee as directed nor has he
filed an affidavit of indigence. See Tex. R. App. P. 20.1. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we dismiss Longâs petition. See In re Chavez, 62 S.W.3d 225
(Tex.App.âAmarillo 2001, orig. proceeding).
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



o Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-10-0489-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 

JULY 15, 2011

___________________________

Â 

CARLOS
LAMONT FISHER, JR.,  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF
TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

___________________________

Â 

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

Â 

NO. 7369; HONORABLE LEE WATERS, PRESIDING

___________________________

Â 

Abatement and Remand

___________________________

Â 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  On
July 6, 2011, we granted the StateÂs agreed Motion to Correct the ReporterÂs
Record and ordered the court reporter to file a supplemental record making the
changes approved.Â  However, the court
reporter notified this court that he could not certify the record with the
agreed change since the event did not occur at trial and was not part of the
trial record.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
change requested by the State and agreed to by appellant concerns defendantÂs
trial exhibit one, which is several forms filed under the Interstate Agreement
on Detainers Act (IADA).Â  However,
according to the StateÂs motion, not all of the pages were attached to the
forms that were admitted at trial. 

Â Accordingly, we abate this cause back to the
trial court.Â  Upon remand, it is directed
to determine whether the exhibits tendered by the parties and accepted into
evidence at trial are the ones actually included in the record developed by the
court reporter.Â  Should it determine that
the exhibits of record accurately reflect those the parties intended to proffer
and it intended to receive, then the trial court shall so inform this court via
pertinent findings.Â 
Should it determine that the exhibits received and included in the
reporterÂs record differ from those the parties tendered and it intended to
accept, then the trial court shall specify, via pertinent findings, which
exhibits they may be and attach an accurate copy of them to its findings.Â  The latter must then be included in a
supplemental record, which record must then be filed with the clerk of this
court on or before August 15, 2011.Â 
Should further time be needed by the trial court to perform these tasks,
then same must be requested before August 15, 2011.

It is so
ordered.Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Per Curiam

Do not publish.

Â