

IN THE
TENTH COURT OF APPEALS

————————————

No. 10-09-00218-CV

IN RE CHARLES D. HADLEY

————————————

Original Proceeding

## MEMORANDUM OPINION

Charles D. Hadley seeks by mandamus to compel the trial court to set his Rule 202 petition for a hearing. *See* TEX. R. CIV. P. 202. There are numerous procedural problems in both this proceeding and the proceeding in the trial court. We use Rule 2 to look beyond those problems and deny Hadley's petition. *See* TEX. R. APP. P. 2.

Before mandamus relief may issue, the petitioner must establish that the trial court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Given this, it is incumbent upon Hadley to show this Court that he has done all that he can to assure that the trial court received and was aware of his request

because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. *In re Minnfee*, No. 07-08-0416-CV, 2008 Tex. App. LEXIS 7982, *2 (Tex. App.—Amarillo Oct. 21, 2008, orig. proceeding). Further, a trial court has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Whether a reasonable time has passed depends upon the circumstances of each case. *Id*.

Hadley attached to his petition for writ of mandamus a file marked copy of his amended Rule 202 petition, dated March 20, 2009, and complains that the trial court will not set the petition for a hearing. It is not clear from the documents presented by Hadley with his petition for writ of mandamus whether the trial court was ever made aware of Hadley's request for a hearing. Hadley included with his petition for writ of mandamus two letters from Hadley to the trial court's coordinator in which he requested a hearing for his Rule 202 petition as an aside to what appears to be the more pressing issue to him, a request for a bench warrant to attend the hearing. The trial court denied the request for a bench warrant. Both of these letters were dated in June of this year. Thus, Hadley has not shown that the trial court was clearly asked to perform a task and failed or refused to perform it. Further, given the less than clear request for a hearing, the four months that have elapsed since the filing of the amended petition is not so unreasonable as to warrant the issuance of a writ of mandamus.[1]

---

[1] Although not a part of our decision in this mandamus proceeding and upon which we do not pass, we note that it appears from Hadley's correspondence that his Rule 202 petition is unnecessary. There appears to be another proceeding, cause number D200100015, in which Hadley could conduct the

Accordingly, Hadley's petition is denied.

Further, absent a specific exemption, the Clerk of this Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2008). Under the circumstances of this proceeding, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed by Hadley.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Petition Denied
Motion dismissed
Opinion delivered and filed August 5, 2009
[OT06]

---

discovery he is requesting in his Rule 202 proceeding. Additionally, we are expressly not deciding the issue of whether an evidentiary hearing is necessary to decide a request for Rule 202 discovery, particularly if the request is not reached on the merits thereof.