# NO. 12-09-00267-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: MICHAEL KENNEDY,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Michael Kennedy seeks mandamus relief to compel the trial court to set his civil rights case for trial. Kennedy complains that his case was filed on August 21, 2008, but that the trial court has not set a trial date. Kennedy further asserts that, on August 24, 2008, he filed a motion requesting a trial setting.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). To be entitled to mandamus relief, a relator must demonstrate that the trial court abused its discretion and that the relator has no adequate remedy at law. *Id.* at 839-40.

We first note that, although Kennedy states he has included a copy of the motion for trial setting in the appendix accompanying his mandamus petition, no such appendix is attached to the petition. Moreover, a trial court is not required to consider a motion that has not been called to its attention. *See Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.–Houston [1st Dist.] 1994, writ denied); *see also* TEX. R. APP. P. 33.1. "Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act." *In re Chavez*, 62 S.W.3d 225, 227 (Tex. App.–Amarillo 2001, orig. proceeding).

Here, Kennedy has not furnished a record. Consequently, he has made no showing that the respondent trial court has notice of the motion. To be entitled to mandamus relief, it is incumbent upon Kennedy to illustrate that the trial court has knowledge of the motion. *See* i*d*. at 228. Kennedy has not met this burden, and therefore we cannot say that the trial court abused his discretion in allegedly failing to rule on the motion. *See id.* Accordingly, Kennedy's petition for writ of mandamus is ***denied***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)