# NO. 12-10-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
| IN RE: MICHAEL KENNEDY, RELATOR | § | ORIGINAL PROCEEDING |
|  | § |  |

*MEMORANDUM OPINION*
*PER CURIAM*

Relator Michael Kennedy filed a petition for writ of mandamus directing the trial court to dismiss his counsel and to order a hearing on various motions Relator has filed. We deny the petition.

## BACKGROUND

Relator was charged with theft, and the case was tried to a jury. Relator was allowed to represent himself at trial, but with standby counsel. He was convicted, sentenced to sixty–two years of imprisonment, and fined ten thousand dollars. Relator immediately informed the trial court that he wanted to represent himself on appeal. The trial court denied his request and appointed appellate counsel. This court affirmed Relator's conviction, but remanded for a new sentencing hearing. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication).

## AVAILABILITY OF MANDAMUS

This court has authority to issue a writ of mandamus in a criminal case if two conditions are met: (1) there is no adequate remedy at law and (2) the act sought to be compelled is ministerial. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). In addition, a relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a).

1

## Motion to Dismiss Counsel

Relator first complains that the trial court has refused to rule on his motion to dismiss his counsel. However, Relator has not furnished a copy of this motion or any documents showing that he has called any such motion to the trial court's attention. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file with petition a certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding) (no duty to rule until movant has brought motion to trial court's attention; mandamus unavailable absent a showing that trial court failed or refused to rule within reasonable time thereafter).

Moreover, Relator has not furnished a copy of the trial court's order appointing counsel. The order received in this court in connection with Relator's appeal limited his counsel's representation to the appeal (appellate cause number 12-08-00246-CR). This court's mandate in the appeal was issued on April 30, 2010, and counsel's appointment ended. No order appointing other counsel is included among the documents attached to Relator's petition.

## "Insanity" Motions and Motions to Recuse Trial Judge

Relator further complains that the trial court has failed to set a hearing on his "insanity" motions and his motions to recuse the trial judge. However, he has not furnished a copy of these motions or any documents showing that he has called the motions to the trial court's attention. *See* TEX. R. APP. P. 52.7(a)(1); *In re Chavez*, 62 S.W.3d at 228. Additionally, from the cause numbers that Relator refers to in his petition, it appears that a number of these motions were filed in connection with his trial on the merits or his appeal after those proceedings had concluded. Relator cites no authority for the proposition that the trial court is required to address these motions.

As to any motions relating to the new sentencing hearing, the information provided to this court indicates that the hearing is scheduled for October 26, 2010. Even if Relator had furnished copies of the necessary documents, he has not alleged anything in his petition that causes us to believe the trial court will not address pretrial motions prior to the hearing. *See In re Newby*, No. 07-07-00228-CV, 2007 WL 2066359, at *2

(Tex. App.–Amarillo 2007, orig. proceeding [mand. denied]) (trial court given broad discretion in managing its docket).

**DISPOSITION**

For the reasons set forth above, we conclude that Relator has not shown that he is entitled to mandamus relief. Accordingly, his petition for writ of mandamus is ***denied***.

Opinion delivered August 11, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
