

IN THE
TENTH COURT OF APPEALS

————————————

No. 10-10-00384-CR

IN RE MARLIN WAYNE WEBB

————————————

Original Proceeding

## MEMORANDUM OPINION

In this original proceeding, Relator Marlin Webb seeks mandamus relief against the respondent trial judge on the allegation that Respondent has failed to rule on Webb's motions for DNA testing and for appointment of counsel in that proceeding.[1]

Webb asserts that the motions for DNA testing and for appointment of counsel were filed on April 23, 2010. He further asserts that he filed two motions to compel DNA proceedings on September 30, 2010 and October 12, 2010, respectively, but Respondent still has not ruled on his motions for DNA testing and for appointment of

---

[1] The petition for writ of mandamus has several procedural deficiencies. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *See* TEX. R. APP. P. 52.3(j). It lacks a certified or sworn record, as required by Rules 52.3(k) and 52.7(a)(1). *See id.* 52.3(k), 52.7(a)(1). And it lacks proof of service on the Respondent; a copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only. *Id.* 2.

counsel.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez,* 62 S.W.3d at 228. Mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court. *See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding).

Webb bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins,* No. 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, no pet.) (mem. op.). There is no record showing that Webb has brought the matter *to the attention of the trial judge.*

Because Webb has not shown he is entitled to relief, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
　　　Justice Reyna, and
　　　Justice Davis
Petition denied
Opinion delivered and filed November 24, 2010
[OT06]