IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00384-CR

 

In
re Marlin Wayne Webb

 

 



Original Proceeding

 

 



memorandum Opinion



 

            In this original proceeding,
Relator Marlin Webb seeks mandamus relief against the respondent trial judge on
the allegation that Respondent has failed to rule on Webb’s motions for DNA
testing and for appointment of counsel in that proceeding.[1]

            Webb asserts that the motions
for DNA testing and for appointment of counsel were filed on April 23, 2010.  He
further asserts that he filed two motions to compel DNA proceedings on
September 30, 2010 and October 12, 2010, respectively, but Respondent still has
not ruled on his motions for DNA testing and for appointment of counsel.

            A trial judge has a reasonable time to
perform the ministerial duty of considering and ruling on a motion properly
filed and before the judge.  In re Chavez, 62 S.W.3d 225, 228
(Tex. App.—Amarillo 2001, orig. proceeding).  But that duty generally does not
arise until the movant has brought the motion to the trial judge’s attention,
and mandamus will not lie unless the movant makes such a showing and the trial
judge then fails or refuses to rule within a reasonable time.  See Chavez,
62 S.W.3d at 228.  Mere filing of a pleading or letter with the clerk does not
impute knowledge to the trial court.  See In re Flores, No.
04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig.
proceeding).

Webb bears the burden of providing this
Court with a sufficient record to establish his right to mandamus relief.  See
In re Mullins, No. 10-09-00143-CV, 2009 WL 2959716, at
*1, n.1 (Tex. App.—Waco Sept. 16, 2009, no pet.) (mem. op.).  There is no record showing that Webb has
brought the matter to the attention of the trial judge.

            Because Webb has not shown
he is entitled to relief, we deny the petition for writ of mandamus.

 

REX D. DAVIS

Justice

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied

Opinion
delivered and filed November 24, 2010

[OT06]








 









[1] The petition for writ
of mandamus has several procedural deficiencies.  It does not include the
certification required by Rule of Appellate Procedure 52.3(j).  See Tex. R. App. P. 52.3(j).  It lacks a certified
or sworn record, as required by Rules 52.3(k) and 52.7(a)(1).  See id.
52.3(k), 52.7(a)(1).  And it lacks proof of service on the Respondent; a copy
of all documents presented to the Court must be served on all parties to
the proceeding and must contain proof of service.  Id. 9.5.  Because of
our disposition and to expedite it, we will implement Rule 2 and suspend these
rules in this proceeding only.  Id. 2.








">      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed July 28, 2004
Publish
[CR25]