

# NUMBERS 13-11-00515-CR & 13-11-00516-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MICHAEL LEROY LAFFERY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion Per Curiam[1]

Relator, Michael Leroy Laffery, pro se, filed a petition for writ of mandamus in the above causes on August 5, 2011, through which he complains that the trial court has failed to rule on his "Motion to Enter Judgment and Sentence Nunc Pro Tunc," which relator alleges that he filed on July 27, 2011.

To be entitled to mandamus relief, relator must establish both that he has no

---

1 See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record). Moreover, relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* R. 52.3(j).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator has not furnished a file-stamped copy of the "Motion to Enter Judgment and Sentence Nunc Pro

2

Tunc" or any documents showing that he has called any such motion to the trial court's attention. *See id.* R. 52.7(a)(1) (requiring relator to file with petition a certified or sworn copy of every document material to relator's claim for relief and filed in any underlying proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (holding that the trial court has no duty to rule until movant has brought the motion to trial court's attention and that mandamus relief unavailable absent a showing that trial court failed or refused to rule within a reasonable time thereafter.

Moreover, even if we were to accept relator's allegations as true, the alleged delay between July 27, 2011 and August 5, 2011, the date of filing this original proceeding, would not constitute an unreasonable period of time for the trial court to consider the motion. In this regard, we note that relator seeks mandamus relief against the Honorable Nelva Gonzales Ramos, formerly the Presiding Judge of the 347th District Court of Nueces County. As of August 4, 2011, Judge Ramos vacated that judicial bench to serve as a newly appointed United States District Judge for the Southern District of Texas. Ordinarily, we would abate and remand this original proceeding to allow her successor judge to consider the allegations herein. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). However, given the procedural posture of this matter, the technical deficiencies of the petition, and the merits of the contentions herein, we conclude that such an abatement is unnecessary. Accordingly, relator's petition for writ of mandamus in the above causes is denied. *See id.* R. 52.8(a).

3

IT IS SO ORDERED.

PER CURIAM

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed this the
11th day of August, 2011.

4