COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: LAKEITH RAQIB AMIR-SHARIF, | § | No. 08-11-00277-CV |
| | § | |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator, a Texas prison inmate, seeks a writ of mandamus to compel the trial judge to rule on a motion for default judgment. A writ of mandamus will issue only if the trial court clearly abused its discretion and if the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act, and mandamus may issue to compel the court to rule. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding). To be entitled to mandamus relief on this ground, a relator must show that the motion was brought to the trial court's attention; the district clerk's knowledge cannot be imputed to the trial court. *See id.*

Any mandamus petition must be accompanied by an appendix or record containing "a certified or sworn copy of any . . . document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A) (appendix); *see also* TEX. R. APP. P. 52.7(a)(1) (record). The relator "must certify that . . . every factual statement in the petition is supported by competent evidence included in the

appendix or record." TEX. R. APP. P. 52.3(j).

Relator's mandamus petition was filed on September 19, 2011. Therein, he states that he filed his motion for default judgment on July 20, 2010, by placing the motion into the prison's outgoing mail system, addressed to the district clerk. Attached to the mandamus petition is an unsworn copy of his cover letter to the district clerk, asking that the clerk bring the motion to the court's attention. Relator also alleges that, on October 11, 2010, the defendants filed a motion for leave to file a late answer and that the trial court has not ruled on either motion. Relator claims that "he wrote the court and court coordinator . . . in an effort to have his motion considered and ruled on, but to no avail." He does not provide the dates or number of times that he did this, nor does he include any evidence to support his claim. Instead, he requests that we consider him to be in "substantive compliance" with the Texas Rules of Appellate Procedure because certain documents have been lost. Relator states that on June 21, 2011, he mailed a mandamus petition to this Court, but the Court did not receive it and it was not returned to him. As a result, he claims that "certain motions filed by Relator, E.g. motion for default judgment; and letters requesting motion be heard," which were attached to the mandamus petition, "have been forever lost." In fact, the Court has the June 21 mandamus petition, but it does not have any attachments.[1] We therefore do not consider Relator's petition to be in compliance with the applicable rules.

---

[1] This petition was not filed because Relator has been declared a vexatious litigant in Swisher County and in Dallas County, and it appeared that he was subject to a pre-filing order that prohibits him from commencing any new litigation without the local administrative judge's permission. *See* http://www.courts.state.tx.us/oca/vexatiouslitigants.asp. After Relator demonstrated that the Swisher County court did not enter a pre-filing order and that the Dallas County court's pre-filing order has been reversed, this Court filed the instant mandamus petition. *See In re Amir-Sharif*, No. 07–11–00294–CV, 2011 WL 3568940, at *1 n.2 (Tex. App.--Amarillo Aug. 15, 2011, orig. proceeding) (mem. op.) (stating that the clerk's record for the Swisher County case does not contain a pre-filing order); *Amir-Sharif v. Zeller*, No. 07–10–0244–CV, 2011 WL 691378, at *1 (Tex. App.--Amarillo Feb. 28, 2011, pet. denied) (mem. op.) (noting that the Swisher County court had found Relator to be a vexatious litigant); *Amir-Sharif v. Quick Trip Corp.*, No. 05–09–01497–CV, 2011 WL 1367042, at *1 (Tex. App.--Dallas April 12, 2011, no pet.) (mem. op.) (reversing vexatious litigant order because Relator did not receive proper notice).

We also note that on November 12, 2009, Relator was found to be a vexatious litigant and a pre-filing order was entered. *See* http://www.courts.state.tx.us/oca/vexatiouslitigants.asp. Relator claims that he served the defendants in this case in March 2010. It thus appears that Relator attempted to commence this suit while he was subject to the pre-filing order. His mandamus petition does not indicate that he obtained permission before filing the suit. Although the pre-filing order was reversed on April 12, 2011, Relator has not demonstrated that the trial court had a ministerial duty to rule on any motions while it was in effect, nor has he claimed that he requested a ruling after the pre-filing order was reversed. *See Amir-Sharif v. Quick Trip Corp.*, No. 05–09–01497–CV, 2011 WL 1367042, at *1 (Tex. App.--Dallas April 12, 2011, no pet.) (mem. op.).

Relator has not shown himself to be entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied.


GUADALUPE RIVERA, Justice

October 26, 2011

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)

3