

IN THE
TENTH COURT OF APPEALS

_____

No. 10-11-00444-CV

IN RE WAYNE ERNEST BARKER
_____

Original Proceeding

## MEMORANDUM  OPINION

Wayne Ernest Barker, a prison inmate, has presented a petition for writ of mandamus requesting a mandamus to issue against the Honorable Ken Keeling, Judge of the 278th District Court in Walker County.

Barker concedes that he has been found to be a vexatious litigant and is attempting to file another lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (West Supp. 2011).  He claims he sent an original petition on October 24, 2011, to Judge Keeling, whom Barker alleges is the local administrative judge, to obtain permission to file the lawsuit.  *Id*. § 11.102.  Barker asserts he has not received notice whether Judge Keeling has granted Barker permission to file the lawsuit.

There are numerous procedural problems with Barker's petition.  We note initially that Barker did not designate all the parties to this proceeding.  Although he

designated the person against whom relief was sought, he did not designate the real parties in interest—those whose interest would be directly affected by the relief sought. TEX. R. APP. P. 52.2. Barker contends that he is attempting to file a class action lawsuit pursuant to the Americans with Disabilities Act. The parties against whom relief is sought in that lawsuit would be real parties in interest in this mandamus proceeding.

Further, Barker's petition does not contain a table of contents, an index of authorities, a statement of jurisdiction, or the issues presented. *See* TEX. R. APP. P. 52.3. Barker attempts to comply with the certification requirement for the petition by including an unsworn declaration of facts. *See* TEX. R. APP. P. 52.3(j). However, there is a proper form for an inmate to use when preparing an unsworn declaration for use in lieu of a written sworn declaration. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (West Supp. 2011). Barker did not use that form; thus his unsworn declaration in his petition is ineffective.

Barker's petition also does not include a certified or sworn copy of his request to Judge Keeling, the document he is attempting to file, or of the numerous requests he has supposedly made to bring his request for permission to the attention of Judge Keeling or inquiries about whether Judge Keeling has ruled on his request.[1] *See* TEX. R. APP. P.

---

[1] Under a section entitled "Conditions Precedent," Barker alleges, as best we can determine from his petition printed in all capital letters with no appreciable space between words and many letters which are virtually indistinguishable:

> Conditions Precedent
>
> The petitioner mailed a lawsuit entitled "Suit to Enforce the Americans with Disabilities Act" directly to the respondent as "Administrative Judge" on October 24, 2011 and over the course of that week mailed three writs of injunction as conjoinders and on October 28, 2011 he mailed a separate action in mandamus to force the institutional parole officer to prepare his case for medical parole consideration. To this date, the petitioner has heard

52.3(k). The petition was also not served properly in that the proof of service does not indicate the real parties in interest were served. *Id.* 9.5; 52.2.

We use Rule 2, however, to look beyond these procedural problems to reach the merits of the petition. TEX. R. APP. P. 2.

By sending his lawsuit to Judge Keeling, Barker has effectively requested permission to file his lawsuit. After January 1, 2012, mandamus is clearly the appropriate remedy to contest the denial of permission to file a lawsuit when a litigant has had a prefiling order rendered against the litigant. *See* Act of 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 9.03, eff. Jan. 1, 2012 (to be codified at TEX. CIV. PRAC. & REM. CODE § 11.102(c)). We also believe that it would be the appropriate remedy under the current form of the statute as well.

As stated previously, Barker has conceded that he has been determined to be a vexatious litigant. However, he does not state whether the trial court rendered an 11.101 prefiling order against him. *See* TEX. CIV. PRAC. & REM. CODE § 11.101 (West Supp. 2011). Further, we note that his name does not appear on the Office of Court Administration's list of vexatious litigants with prefiling orders rendered against them.[2] Therefore, based on the allegations and record before us, we cannot conclude whether the trial court has a duty to entertain a prefiling request for permission to file new litigation. If there is no prefiling order, the trial court has no duty to rule on a request for permission to file a new proceeding. Such a duty arises only if a prefiling order is

---

nothing even after he wrote the 278th clerk three times and the District Clerk twice inquiring about the status of his pleadings.

[2] *See* http://www.courts.state.tx.us/oca/vexatiouslitigants.asp.

rendered. Without a duty to rule on a request for permission to file new litigation, the trial court could not abuse its discretion in refusing to rule on Barker's request.

Further, Barker's petition seeks a writ of mandamus compelling Judge Keeling to rule on Barker's request for permission to file a lawsuit. And although the need to consider and rule on a properly filed and presented document is not a discretionary act but a ministerial one, a trial court is allowed a reasonable time within which to perform that act. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). Barker mailed his lawsuit to Judge Keeling only a little more than a month ago. Even if Judge Keeling had a duty to rule on the request, which we held above he does not, he has not yet had a reasonable time to decide whether to grant or deny Barker permission to file his lawsuit.

For the foregoing reasons, especially in light of the flood of other proceedings and requests sent by Barker to Judge Keeling,[3] Barker's petition for writ of mandamus is denied.

Barker also presented for filing with this Court a declaration of indigence with his petition for writ of mandamus. Under the circumstance of this case, we again use Rule 2 and grant Barker's request to proceed without the advance payment of cost. TEX. R. APP. P. 2.


TOM GRAY
Chief Justice

---

[3] In this regard, we note that flooding a trial court and clerk with new proceedings and bombarding them with inquiries about the status thereof does not accomplish the objective of effectively "presenting the issue" to the trial court.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed December 21, 2011
[OT06]