**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 14, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00504-CR

———————

### IN RE CHAD WOODS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1280573**

---

## M E M O R A N D U M   O P I N I O N

On May 29, 2012, relator Chad Woods filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Denise Collins, presiding judge of the 208th District Court of Harris County, has failed to reduce his bond to $5000 or to release him on personal bond. *See* Tex. Code Crim. Proc. art. 17.151 (requiring felony defendant's release on personal or reduced bond, if exceptions do not apply, when defendant is detained more than 90 days and the delay is the result of the State's failure to be ready for trial).

To be entitled to mandamus relief in a criminal case, a relator must show that he has

no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator must establish that the trial court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, it has no ministerial duty to "rule a certain way on that motion." *Id.* An act may be regarded as "ministerial" when the facts are undisputed and, given those undisputed facts, "the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding).

Relator has not provided any documentation to show that he first asked the trial court for the requested relief and was refused. In addition, he has not provided any documentation demonstrating the applicability of article 17.51 of the Texas Code of Criminal Procedure. *See* Tex. R. App. P. 52.7(a) (requiring relator to file a mandamus record containing certified or sworn copies of all documents material to his claim for relief). It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a); *State v. Sanavongxay*, — S.W.3d — , n.9, 2012 WL204260,*5 (Tex. Crim. App. Jan. 25, 2012). Relator has not met his burden to show entitlement to relief.

Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).