

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00297-CR

## IN RE STEVE VIC PARKER

_____

## Original Proceeding

## MEMORANDUM  OPINION

Steve Vic Parker has filed a mandamus proceeding in this Court.  In this proceeding, Parker asserts that (1) the trial court has refused to rule on two motions for judgment nunc pro tunc, one of which has been on file for a year and another that has been on file for one month and (2) TDCJ has erred in combining a 20 year sentence that Parker was given in a prior case, under the name Jerry Wilson, with two concurrent 7 year sentences handed down by Respondent in a newer proceeding, under the name Steve Vic Parker.  He asks that we order Respondent to respond to Parker's motions for judgment nunc pro tunc; and, although he complains about TDCJ's error in combining his sentence, Parker wants us to order Respondent to correct Parker's sentence.

It is difficult to follow what Parker's current complaint is. This is in large part because he does not comply with the procedural requirements of mandamus practice—including, but not limited to, he has not provided the required certification nor has he filed the required appendix and record containing the documents upon which the relief is requested.[1] *See* TEX. R. APP. P. 52.3(j), (k); 52.7. Thus, his petition lacks the focus necessary to assist the Court in deciding if he is entitled to any relief.

Notwithstanding the procedural shortcomings of Steve Vic Parker's petition for writ of mandamus, we use Rule 2 to reach the merits of his petition and expedite our response. TEX. R. APP. P. 2. Based on the petition as filed, it appears Parker's "live" motion for judgment nunc pro tunc has only been on file for one month. Further, we note that the judgment in the underlying proceeding, trial court cause number 2010-0447-C1, was appealed and only became final on August 13, 2012 when our mandate issued. We do not believe Respondent has had a reasonable time to rule on the live motion. *In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). Further, we have no authority to correct Parker's sentence by writ of mandamus by compelling the trial court to rule in a particular manner on a pending motion. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

---

[1] Other deficiencies include: no identification of the parties, no table of contents, no index of authorities, no statement of jurisdiction, no issues presented, and no clear and concise argument. *See* TEX. R. APP. P. 52.3. Parker further has made no showing that he has presented the motions for judgment nunc pro tunc to Respondent. *See In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). Further, we still remind Parker that a copy of each document (the entire document or relevant excerpts) upon which he relies to show he is entitled to mandamus relief must be included in the record he is required to provide. TEX. R. APP. P. 52.7(a)(1). The copies must be certified or sworn. *Id.*

Parker's petition for writ of mandamus is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition denied
Opinion delivered and filed August 30, 2012
Do not publish
[OT06]