COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-12-00283-CR |
| IN RE: LUIS RAUL CAMACHO, | § | |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Relator, Luis Raul Camacho, a Texas prison inmate, has filed a petition for writ of mandamus, requesting that this Court compel the presiding judge of the 41st Judicial District Court of El Paso County to rule on his motion for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 64.01(c)(West Supp. 2012). To obtain mandamus relief, Relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act, and mandamus may issue to compel the court to rule. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

Relator alleges that he "sent" the motion for DNA testing to the trial court clerk, but the motion attached to the petition for writ of mandamus is not file stamped and there is no other evidence showing the motion has actually been properly filed. Further, even assuming the

motion has been filed, there is no evidence that the motion has been brought to the attention of the trial judge because the trial court clerk's knowledge of the motion is not imputed to the judge. *See Chavez*, 62 S.W.3d at 228. Consequently, Relator has failed to establish that he is entitled to mandamus relief. The petition for writ of mandamus is denied.

November 14, 2012 _____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)