COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
  
  
 IN RE: 
  
 LAKEITH RAQIB AMIR-SHARIF,
  
  
                                               
 Relator.
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
 
 
  
  
  
                   No. 08-12-00276-CV
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
  
 
 


                                                     MEMORANDUM
OPINION

 

Relator, Lakeith Raqib
Amir-Sharif, a Texas prison inmate, has filed a petition for writ of mandamus,
requesting that this Court compel the presiding judge of the 83rd Judicial
District Court of Pecos County to rule on certain motions.  This is the fourth petition for writ of mandamus
Relator has filed in the Eighth Court of Appeals in the last two years.  See
In re Amir-Sharif, No.
08-12-00080-CV, 2012 WL 1484197 (Tex.App.--El Paso Apr. 27, 2012, orig.
proceeding); In re Amir-Sharif, No.
08-11-00277-CV, 2011 WL 5116414 (Tex.App.--El Paso Oct. 26, 2011, orig.
proceeding); In re Amir-Sharif, No.
08-10-00081-CV, 2010 WL 2106012 (Tex.App.--El Paso June 30, 2010, orig.
proceeding).

A
writ of mandamus will issue only if the trial court clearly abused its
discretion and if the relator has no adequate remedy by appeal.  In re
Prudential Insurance Company of America, 148 S.W.3d 124, 135-36 (Tex. 2004).
 When a motion has been properly filed
and brought to the court’s attention, the act of giving consideration to and
ruling upon the motion is a ministerial act, and mandamus may issue to compel
the court to rule.  See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001,
orig. proceeding).  

According
to his petition for writ of mandamus, Relator filed suit in March 2010 against Jacqueline
L. Glenn and others in cause number P-6813-83-CV in the 83rd District Court of
Pecos County, Texas based on the Texas Theft Liability Act.  Relator has not included a copy of his
original petition and his mandamus petition does not identify the other
defendants.  Relator asserts that Judge Carl
Pendergrass, presiding judge of the 83rd District Court, has not ruled on a
motion for default judgment filed in 2010 or a motion to recuse Judge
Pendergrass filed on July 9, 2012.  

Even
though Relator is appearing pro se,
he is not excused from compliance with the applicable Rules of Appellate
Procedure, including Rule 52 which governs original proceedings filed in the
courts of appeals.  See Tex.R.App.P. 52.1-52.7.  Rule 52.2 provides that a person whose
interest would be directly affected by the relief sought is a real party in
interest and party to the case.  Tex.R.App.P. 52.2.  Further, the petition must give a complete
list of all parties as well as the names and addresses of counsel.  Tex.R.App.P.
52.3(a).  The defendants sued by Relator
in cause number P-6813-83-CV certainly qualify as real parties in interest yet Relator’s
petition does not identify them as parties nor does he provide the name and
address of counsel.  Likewise, Relator’s
petition does not reflect that he has served a copy of the petition on the real


parties in
interest or counsel.  See Tex.R.App.P.
9.5 (requiring service of all documents and proof of service).  Even assuming Relator’s petition complied with
Rule 52’s requirements, we would deny the relief requested.  Relator has not provided a file-marked copy
of either motion.  Consequently, he has
failed to establish that the motions have been properly filed.  We deny the petition for writ of mandamus
because the petition does not comply with Rule 52 and because Relator has
failed to establish he is entitled to the relief requested.

 

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.