

# IN THE
# TENTH COURT OF APPEALS

————————————

## No. 10-13-00354-CR

## IN RE JAMES DEWAYNE MCHENRY

————————————

## Original Proceeding

## MEMORANDUM OPINION

James DeWayne McHenry asserts a "right to D.N.A. testing" by an uncited "holding of the U.S. Supreme Court." This is indicative of a number of procedural problems with this petition for writ of mandamus in which he seeks to have this Court compel the trial court to replace appointed counsel in his post-conviction Chapter 64 D.N.A. testing proceeding.

The "right" to post-conviction D.N.A. testing is entirely a creature of statute. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01, et seq. (West 2006 & Supp. 2013). Adherence to and compliance with the statute is required to obtain relief. *See id*. arts. 64.01; 64.03. Likewise, for us to compel the trial court to take some action via mandamus, the petition must comply with the requirements to qualify for the issuance of a writ of

mandamus. *See* TEX. R. APP. P. 52.

McHenry has wholly failed to provide any record that would entitle him to any relief by way of a writ of mandamus. *Id*. 52.3(k). First and foremost, he asks us to compel the trial court to appoint a different attorney to assist him in his Chapter 64 proceeding seeking D.N.A. testing of biological materials. But that is a discretionary act that we cannot grant by mandamus. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Further, we have absolutely no record in this proceeding that indicates McHenry has made this request of the trial court, that he has brought his request to the attention of the trial court, and that the trial court has failed or refused to rule on such a motion. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Schmotzer*, No. 10-13-00204-CR, 2013 Tex. App. LEXIS 12643 (Tex. App.—Waco Oct. 10, 2013, orig. proceeding) (not designated for publication).

McHenry's petition for writ of mandamus must be and is denied because he has not made a proper request and provided a record upon which we can grant relief.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Petition denied
Opinion delivered and filed December 12, 2013
Do not publish
[OT06]