NO. 07-01-0368-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 14, 2001
_____

IN RE LAWRENCE TRINIDAD CHAVEZ,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pending before the court is the petition of Lawrence Trinidad Chavez for a writ of mandamus. Chavez requests that we order the Hon. David R. Gleason, 47th Judicial District, Potter County, to "schedule and hold a hearing on the properly filed Motion for a Free Copy of the Trial/Appellate Record from cause no [sic] 9445-A in the 47th District Court . . . " We deny the application for the reasons which follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix.[1] TEX. R. APP. PROC. 52.3(j). The latter must include, among other things, a "certified or sworn copy of . . . [the] document showing the matter

---

[1]That Chavez acts in a *pro se* capacity does not relieve him from complying with the rules of appellate procedure. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

1

complained of." In this case, the document showing the matter complained of would be the motion allegedly filed and the request for a free copy of the trial and appellate record. None was provided to us, however, via appendix or otherwise. Thus, it cannot be said that Chavez complied with the rules which he now seeks to enforce.[2]

Second, Chavez failed to accompany his petition with the requisite filing fee. Rather, he attempted to avoid paying the fee by tendering an affidavit purportedly establishing his status as an indigent. The affidavit, however, consists of little more than the conclusory statement that "I am indigent and unable to pay, or give security therefore [sic] any filing fees or costs related to the attached petition . . ." As can be seen, nowhere does this affidavit address: 1) the amount of his income, if any, 2) the income of his spouse, if any, 3) the availability of other sources of money, if any, 4) the extent of the real and personal property he owns, if any, 5) the cash he possesses, if any, 6) the extent of his assets, if any, 7) the extent of his debts, if any, and 8) the extent of his monthly expenses, if any. These are indicia which must be discussed via affidavit when one seeks to invoke this court's jurisdiction through a notice of appeal. TEX. R. APP. PROC. 20.1(b). We see no reason why they should be ignored when one attempts to invoke our jurisdiction through a petition for writ of mandamus.

In short, while we must rule upon matters properly before us, we need not do so at

---

[2]In an apparent attempt to avoid the requirement of Rule 52.3(j), Chavez alleges that he could not make a copy of his motion since the "institution" in which he now resides "does not provide copying services." Implicit in this assertion is the representation that he possesses a document which he would copy but for the "institution['s]" refusal to provide him access to a photocopy machine. Why he deigned to withhold from us the copy he does possess went unexplained, however. Similarly unaddressed is the possibility of re-creating a copy through other means, such as requesting a third-party to copy the item via a photocopy machine found outside the walls of the "institution" or re-creating a copy via typewriter. Until information is given to us which explains why these and like reasonable alternatives are impractical or unavailable, we cannot excuse him from complying with Rule 52.3(j).

the expense of the State of Texas without a proper showing of indigence. And, simply stating that "I am indigent" is not such a proper showing, as evinced by the enactment of Rule 20.1(b).

Third, a trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Chavez complains of the trial court's failure to convene a hearing and rule upon his alleged motion, application of the foregoing rule would necessarily require him to illustrate that the trial court was aware of the motion. Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act.

Here, nothing appears of record illustrating that the trial court was afforded or had notice of the motion. Nor does anything appear of record which would allow one to reasonably infer that such notice was given or knowledge was had. Admittedly, Chavez stated in the body of his petition that he "properly filed" the motion. Yet, the identity of the entity with which he "properly filed" the instrument is unknown. This is of import because the entity could have been either the district clerk or the trial court. TEX. R. CIV. PROC. 74 (stating that pleadings, papers and the like shall be filed with the clerk of the court or with the court itself if permitted). If filing occurred with the district clerk, we know of no rule which imputes the clerk's knowledge to the trial court. Thus, it would be incumbent upon appellant to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it. So, merely stating that something was "properly

3

filed" is insufficient basis from which to reasonably infer that the trial court had notice of that something and the need to act on it. And, because the state of the record prevents us from holding that the trial court was aware of the motion, we cannot say that the court abused its discretion in allegedly failing to act on same.

Fourth, admittedly, the need to consider and rule upon a motion is not a discretionary act. *In re Bates*, No. 07-01-0199-CV, 2001 Tex. App. WL 513450, at *1 (Amarillo, May 15, 2001, no pet. h.); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). Rather, when the motion is properly filed and pending before a trial court, the act of considering and resolving it is ministerial. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding) (quoting *O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding)). However, the court has a reasonable time within which to perform this duty. *Id.*; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). And, whether such a period has lapsed is dependent upon the circumstances of each case. *Barnes v. State*, 832 S.W.2d at 426.

Moreover, no bright-line demarcates the boundaries of a reasonable time period. *Bates*, 2001 WL 513450, at *1. Its scope is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has

4

the inherent authority to control its own docket).   Finally, because it is the burden of the party requesting mandamus relief to prove his entitlement to same, *Bates*, 2001 WL 513450, at *1, Chavez had the obligation to provide us with evidence of the foregoing indicia (or the like) against which we could test the reasonableness of the court's supposed delay.

Here, however, we have no evidence of the complexity of the motion in question (since we lack a copy of the motion), the number of other cases, motions, or issues pending on the trial court's docket, the number of cases, motions, or issues which have pended on its docket longer than that at bar, the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings, or the trial court's schedule. Without such evidence, any attempt to assess whether Judge Gleason's court acted unreasonably in failing to address the motion within the two months it has supposedly pended, would be mere folly.  Again, a trial court has great discretion over its docket.  And, while it cannot opt to forever avoid hearing a motion, no litigant is entitled to a hearing at whatever time he may choose.

For the reasons stated above, we deny the petition for mandamus without prejudice.


Brian Quinn
Justice

Publish.

5