Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE: REFUGIO PADILLA,

                            Relator.


§

§

§

§

§


No. 08-05-00356-CR

AN ORIGINAL PROCEEDING

IN MANDAMUS




O P I N I O N
           Relator Refugio Padilla has filed a second petition for a writ of mandamus, again
requesting that this Court order the Honorable Mary Anne Bramblett, 41st Judicial
District Court, El Paso County, to act on his application for a writ of habeas corpus and to
conduct a hearing and to rule on all his pro se motions. As noted in our previous opinion
in In re Padilla, No. 08-05-00178-CR (Tex. App.--El Paso June 16, 2005, orig.
proceeding) (not designated for publication), Relator has been represented by appointed
counsel throughout the trial court proceedings.
           To obtain mandamus relief in a criminal matter, the relator must establish that (1)
the act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. 
Dickens v. Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d 542, 548
(Tex. Crim. App. 1987).
           Because Relator is represented by counsel, the trial court has no duty to rule on his
pro se motions. See Landers v. State, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977); Gray
v. Shipley, 877 S.W.2d 806, 806 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding). 
As previously noted in our prior opinion, one of Relator’s pro se motions seeks
appointment of new counsel, however, this motion does not contain a file stamp date nor
is there any other indication that it was received by the trial court. Therefore, we have no
record from which to determine whether the said motion or the application for a writ of
habeas corpus was properly filed or ever brought to the trial court’s attention. See In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding) (filing the
matter with the district clerk was not sufficient to impute knowledge of the pending
pleading to the trial court such that it is made aware of it).
           Moreover, Relator has attached to his petition copies of letters he has written to his
newly court-appointed counsel as of June 2005. Apparently, the trial court has granted
Relator’s request for appointment of new counsel, thereby rendering moot Relator’s
previous pro se motion for appoint of new counsel.
           For the reasons stated above, Relator’s petition for writ of mandamus is denied.

                                                                  RICHARD BARAJAS, Chief Justice
December 15, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)