Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00746-CR

**IN RE** Eduardo H. **WILLIAMS**, Jr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Alma L. López, Chief Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  October 22, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On October 6, 2008, relator filed a Motion for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus; therefore, we DENY the motion for leave to file as moot.  Also on October 6, 2008, relator filed a Petition for Writ of Mandamus, asking this court to order the trial court to rule on his motion for appointment of counsel, which he seeks for the purpose of requesting and obtaining access to "records and public information."  Relator contends he filed his motion on July 9, 2008.  Relator has not provided this court with a copy of his motion or any other evidence of the number of other cases, motions, or issues pending on the trial court's docket; the number of cases, motions, or issues that have been pending on its docket longer

_____

[1] This proceeding arises out of Cause No. 1993-CR-0762-W2, filed in the 144th Judicial District Court, Bexar County, Texas.

than relator's motion; the number of cases, motions, or issues pending on its docket that lawfully may be entitled to preferential settings; or the trial court's schedule. Without such evidence, we can not assess whether the trial court has acted unreasonably in failing to address the motion within the slightly more than three months it has been pending. A trial court has great discretion over its docket, and, while it cannot opt to forever avoid hearing a motion, no litigant is entitled to a hearing at whatever time he may choose. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (party seeking mandamus relief has burden of providing court with a sufficient record to establish his right to relief).

Because relator has not met his burden of providing a record establishing that a properly filed motion has awaited disposition for an unreasonable time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. Therefore, this court has determined that relator is not entitled to the relief sought, and the petition is DENIED. TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish