# NO. 12-10-00148-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ARDIE DEAN FISHER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

In this original proceeding, Relator Ardie Dean Fisher seeks mandamus relief against the respondent trial judge alleging that the trial court has failed to rule on his motion for a writ of *audita querela*. He alleges that a reasonable time has lapsed and requests a writ of mandamus directing the trial court to rule on the motion.

A trial court has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial court's attention. *See id.* Mandamus will not lie unless the movant shows the trial court was aware of the motion but has failed or refused to rule on it within a reasonable time. *See id.*

The record reveals that Relator mailed his motion to the trial court clerk by certified mail, return receipt requested, on August 10, 2009, and that the motion was received by the clerk's office on August 12, 2009. The record also includes two copies of a document in the form of a pleading in which "TO THE HONORABLE JUDGE OF SAID COURT:" appears in the center of the page below the caption. The certificate of service recites that the document was mailed to the trial court at its mailing address on October 19, 2009. However, the copy is not file marked, and the record contains no proof of receipt by the trial court. Without this proof, we cannot say that Relator's motion has been brought to the trial court's attention. The mere filing of a motion with

the clerk does not impute knowledge of the motion to the trial court. *See **Chavez***, 62 S.W.3d at 228.

Because Relator has not furnished a record showing that the trial court has refused or failed to rule on his motion within a reasonable time after receiving notice of the motion, he has not met the prerequisites to mandamus relief. Accordingly, we ***deny*** his petition for writ of mandamus.

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)