COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| --- | --- | --- |
| IN RE: ADAN MOLINAR, | | |
| | § | No. 08-11-00172-CR |
| Relator. | | |
| | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

**<u>MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS</u>**

Adan Molinar has filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his motion for a nunc pro tunc order. For the reasons stated below, we deny the petition.

On July 13, 2010, Molinar's attorney mailed a motion for nunc pro tunc and a cover letter addressed to the El Paso County District Clerk. The nunc pro tunc motion asserts that the judgment adjudicating Molinar's guilt did not include all of the jail time credits to which he was entitled.

In his mandamus petition, Molinar states that the trial judge has not ruled on the nunc pro tunc motion. Molinar contends that the trial judge had a ministerial duty to rule on the motion and also had a ministerial duty to grant the requested credits.

A writ of mandamus will issue to compel a trial court to perform a ministerial act when the relator has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act, and mandamus may issue to compel the court to act. *See id.*; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App. – Amarillo 2001, orig. proceeding).

Molinar's attorney states in the petition that the nunc pro tunc motion "has never been ruled upon after several attempts by Relator to bring the matter to the attention of the proper parties." This statement is vague. It does not note when the attempts were made, nor does it define what is meant by "proper parties." In addition, there is no evidence to support the statement. When filing a mandamus petition, a relator must provide "a certified or sworn copy of every document that is material to the relator's claim for relief." TEX. R. APP. P. 52.7(a)(1). Furthermore, "[t]he person filing the petition must certify . . . that every factual statement in the petition is supported by competent evidence." TEX. R. APP. P. 52.3(j).

All the evidence shows is that Molinar's attorney mailed the motion and cover letter to the district clerk on July 13, 2010. This is insufficient to establish that the motion was brought to the trial judge's attention. *See Chavez*, 62 S.W.3d at 228 (indicating that the district clerk's knowledge cannot be imputed to the trial judge).

Accordingly, the petition for a writ of mandamus is denied. Molinar's motion to proceed without payment of costs is granted.


GUADALUPE RIVERA, Justice

May 27, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)