COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
  
  
 IN RE:  LUIS RAUL
 CAMACHO,
  
  
                                               
 Relator.
  
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
 
 
  
  
  
                   No. 08-12-00283-CR
  
 AN ORIGINAL
 PROCEEDING
  
 IN MANDAMUS
  
  
 
 


                                                     MEMORANDUM
OPINION

 

 

Relator,
Luis Raul Camacho, a Texas prison inmate, has filed a petition for writ of
mandamus, requesting that this Court compel the presiding judge of the 41st
Judicial District Court of El Paso County to rule on his motion for DNA testing
pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  Tex.Code
Crim.Proc.Ann. art. 64.01(c)(West Supp. 2012).  To obtain mandamus relief, Relator must
establish both that he has no adequate remedy at law to redress his alleged
harm, and that what he seeks to compel is a ministerial act not involving a
discretionary or judicial decision.  State ex rel. Young v. Sixth Judicial District
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007).  When a motion has been properly filed and
brought to the court’s attention, the act of giving consideration to and ruling
upon the motion is a ministerial act, and mandamus may issue to compel the
court to rule.  See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001,
orig. proceeding).  

Relator
alleges that he “sent” the motion for DNA testing to the trial court clerk, but
the motion attached to the petition for writ of mandamus is not file stamped
and there is no other evidence showing the motion has actually been properly
filed.  Further, even assuming the motion
has been filed, there is no evidence that the motion has been brought to the
attention of the trial judge because the trial court clerk’s knowledge of the
motion is not imputed to the judge.  See Chavez, 62 S.W.3d at 228.  Consequently, Relator has failed to establish
that he is entitled to mandamus relief. 
The petition for writ of mandamus is denied.

 

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)