COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| | § | No. 08-12-00276-CV |
| IN RE: | § | |
| | § | AN ORIGINAL PROCEEDING |
| LAKEITH RAQIB AMIR-SHARIF, | § | IN MANDAMUS |
| | § | |
| Relator. | § | |
| | § | |

## MEMORANDUM OPINION

Relator, Lakeith Raqib Amir-Sharif, a Texas prison inmate, has filed a petition for writ of mandamus, requesting that this Court compel the presiding judge of the 83rd Judicial District Court of Pecos County to rule on certain motions. This is the fourth petition for writ of mandamus Relator has filed in the Eighth Court of Appeals in the last two years. *See In re Amir-Sharif*, No. 08-12-00080-CV, 2012 WL 1484197 (Tex.App.--El Paso Apr. 27, 2012, orig. proceeding); *In re Amir-Sharif*, No. 08-11-00277-CV, 2011 WL 5116414 (Tex.App.--El Paso Oct. 26, 2011, orig. proceeding); *In re Amir-Sharif*, No. 08-10-00081-CV, 2010 WL 2106012 (Tex.App.--El Paso June 30, 2010, orig. proceeding).

A writ of mandamus will issue only if the trial court clearly abused its discretion and if the relator has no adequate remedy by appeal. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). When a motion has been properly filed and brought to the court's attention, the act of giving consideration to and ruling upon the motion is a ministerial act, and mandamus may issue to compel the court to rule. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).

According to his petition for writ of mandamus, Relator filed suit in March 2010 against

Jacqueline L. Glenn and others in cause number P-6813-83-CV in the 83rd District Court of Pecos County, Texas based on the Texas Theft Liability Act. Relator has not included a copy of his original petition and his mandamus petition does not identify the other defendants. Relator asserts that Judge Carl Pendergrass, presiding judge of the 83rd District Court, has not ruled on a motion for default judgment filed in 2010 or a motion to recuse Judge Pendergrass filed on July 9, 2012.

Even though Relator is appearing *pro se*, he is not excused from compliance with the applicable Rules of Appellate Procedure, including Rule 52 which governs original proceedings filed in the courts of appeals. *See* TEX.R.APP.P. 52.1-52.7. Rule 52.2 provides that a person whose interest would be directly affected by the relief sought is a real party in interest and party to the case. TEX.R.APP.P. 52.2. Further, the petition must give a complete list of all parties as well as the names and addresses of counsel. TEX.R.APP.P. 52.3(a). The defendants sued by Relator in cause number P-6813-83-CV certainly qualify as real parties in interest yet Relator's petition does not identify them as parties nor does he provide the name and address of counsel. Likewise, Relator's petition does not reflect that he has served a copy of the petition on the real parties in interest or counsel. *See* TEX.R.APP.P. 9.5 (requiring service of all documents and proof of service). Even assuming Relator's petition complied with Rule 52's requirements, we would deny the relief requested. Relator has not provided a file-marked copy of either motion. Consequently, he has failed to establish that the motions have been properly filed. We deny the petition for writ of mandamus because the petition does not comply with Rule 52 and because Relator has failed to establish he is entitled to the relief requested.


November 14, 2012                    _____
                                     ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.