NO. 07-12-00525-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 3, 2013

IN RE LARRY DON COX, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Larry Don Cox, a prison inmate proceeding *pro se*, has filed a petition for writ of mandamus. He seeks the order of this court compelling an unnamed respondent, as Judge of the 47th District Court of Randall County, to transmit to the Texas Court of Criminal Appeals a copy of a motion for jail time credit relator filed on August 1, 2012, along with "any answers filed, and a certificate reciting the date upon which any rulings or decisions was (sic) made." Attached to relator's petition is a document entitled "motion to grant all calendar time served in confinement under VACCP Art. 42.03, and Art. 42.12 Sec. 15 (h)(3)" and what appear to be two printed documents recording time served in prison. In an unsworn declaration relator avers "according to my belief, the facts stated in the above mandamus are true and correct." A second declaration avers to the accuracy of the petition's facts and allegations "to the best of [relator's] ability."

For several reasons, relator is not entitled to the requested mandamus relief. He does not name a respondent and the petition gives no indication that the intended respondent was served a copy of the petition. Tex. R. App. P. 52.2, 9.5(a). A petition for writ of mandamus must contain a certification that every factual statement in the petition is supported by competent evidence included in the appendix or record. Tex. R. App. P. 52.3(j). As noted, relator's petition contains no such certification. With the petition the relator must file a record containing, among other things, "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." Tex. R. App. P. 52.7(a)(1). Relator's petition does not meet this requirement.

Moreover, even had relator's petition met the requirements of appellate rule 52, his entitlement to relief is not demonstrated. A trial court is not required to consider a motion not called to its attention. *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied). Filing a motion with the district clerk does not prove it was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). Therefore, "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex.App.--Amarillo January 14, 2008, orig. proceeding) (mem. op., not designated for publication) (citations omitted). The underlying logic of this rule needs no substantial explanation. "[A] court cannot be faulted for doing nothing when it is or was unaware of the need to act." *Id.*

2

For all these reasons, relator's petition must be, and is, denied.


James T. Campbell
Justice