# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00719-CV

**Trent Alvon Smith, Appellant**

**v.**

**241st District Court of Smith County, Texas;
and 114th District Court of Smith County, Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-13-000652, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, appellant Trent Alvon Smith challenges the trial court's order granting a plea to the jurisdiction filed by the 241st Judicial District Court and the 114th Judicial District Court of Smith County, Texas (collectively, the "District Courts"). *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). For the reasons that follow, we will affirm the trial court's order.

## BACKGROUND

Smith, an inmate in the Texas Department of Criminal Justice, Ellis Unit, filed a pro se lawsuit against the District Courts, along with the District Attorney's Office and the District Clerk's Office of Smith County, alleging that the defendants had committed certain actions in the course of his 2000 criminal trial for robbery and in the handling of his subsequent writ of habeas corpus. According to Smith's petition, the defendants engaged in a conspiracy to suppress

exculpatory evidence and deprived him of the opportunity to be heard. Smith sued for declaratory and injunctive relief in order to "redress the deprivation under color of state law of rights secured by the due course of law of the land in conjunction with the constitution of the United States."

In response, the District Courts filed a plea to the jurisdiction, asserting that Smith's claims against them were barred by sovereign immunity and judicial immunity. The trial court granted the District Courts' plea to the jurisdiction, and this appeal followed. In four issues, Smith challenges the trial court's order granting the plea and dismissing his claims against the District Courts.

**ANALYSIS**

In his first issue on appeal, Smith asserts that the trial court erred in granting the District Courts' plea to the jurisdiction because his claims are not subject to immunity.

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit."[1] *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In this case, Smith has named the District Courts as defendants, and his claims concern actions taken by judges acting on behalf of their respective courts. Although his pleadings are not entirely clear, to the extent Smith is attempting to sue the District Courts as governmental entities, his suit implicates jurisdictional barriers that include sovereign immunity.

---

[1] Because subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In our review, we construe the pleadings liberally and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.*

2

Nevertheless, Smith argues that his claims are not barred by immunity because he is seeking only declaratory and injunctive relief for the defendants' alleged constitutional violations. This Court recently rejected this same argument in an almost identical suit brought by Smith against the District Attorney and the 402nd District Court of Wood County, Texas. *See Smith v. District Attorney Office for Wood Cnty.*, No. 03-13-00220-CV, 2014 WL 5420536, at \*2-3 (Tex. App.—Austin Oct. 24, 2014, pet. denied) (mem. op.). Similarly, in this case, we cannot conclude that the trial court erred in granting the District Courts' plea on this basis.

A suit seeking to compel a government official "to comply with statutory or constitutional provisions" is an ultra vires suit and is not protected by sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Suits alleging ultra vires or unconstitutional conduct by a government official are not considered suits against the state and therefore must be brought against state actors in their official capacities. *Id.* In addition, relief is limited in an ultra vires suit to prospective declaratory relief or injunctive relief restraining ultra vires conduct, as opposed to retroactive relief. *Id.* Although Smith has not sued any government officials or characterized his suit as an ultra vires action, his claims concern whether government officials acted outside the constitution. Accordingly, we liberally construe Smith's pleadings as an attempt to bring ultra vires claims against government officials in their official capacities and conclude that the claims must fail.

Here, as he did in his prior case, Smith seeks injunctive and declaratory relief related to what he contends are violations of "due course of law and the constitution of the United States." Specifically, Smith seeks declarations that his constitutional rights were violated in the underlying criminal proceedings against him. In addition, Smith seeks (1) an injunction requiring the District

3

Courts to order the remand of his criminal case and to set aside the judgment "as being void for state and federal constitutional violations in criminal proceeding" and (2) an injunction requiring the District Court to admit that Smith's constitutional rights were violated in the criminal proceedings. Construing Smith's allegations liberally in his favor and accepting all of his allegations as true, we conclude that Smith's claims for injunctive and declaratory relief, based on past actions, are retrospective claims. *See Smith*, 2014 WL 5420536, at \*3 (alleged claims for declaratory and injunctive relief based on past acts did not invoke ultra vires claim); *Roy v. Shannon*, No. 02-13-00238-CV, 2014 WL 4105271, at \*3 (Tex. App.—Fort Worth August 21, 2014, no pet.) (mem. op.) (upholding dismissal of inmate's suit against judge and district attorney and explaining that ultra vires exception to immunity does not permit relief for acts and omissions already committed); *Delk v. Lehmberg*, No. 03-12-00678-CV, 2014 WL 1910314, at \*3 (Tex. App.—Austin May 9, 2014, no pet.) (mem. op.) (same); *Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at \*3-4 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (same). Consequently, the relief sought by Smith will not support an ultra vires claim. Because Smith's claims are otherwise barred by immunity, the trial court did not err in granting the District Courts' plea to the jurisdiction.

In his second issue on appeal, Smith complains that the trial court abused its discretion by failing to rule on his pending "objections" to the District Courts' plea to the jurisdiction. As in his prior case before this Court, Smith's "objections" to the District Courts' plea to the jurisdiction are, in fact, legal arguments made by Smith in response to the plea to the jurisdiction. *See Smith*, 2014 WL 5420536, at \*4. In determining that it lacked jurisdiction, the trial court considered and rejected Smith's arguments; the trial court was under no duty to separately rule on Smith's "objections." *See id*.

4

Finally, in his third and fourth issues, Smith asserts that the trial court abused its discretion because the 241st District Court had failed to file an answer to Smith's petition and therefore, according to Smith, was in "default when its plea to the jurisdiction was filed." Despite Smith's assertion, based on the record before us we cannot conclude that the trial court had entered a default judgment against the 241st District Court prior to its granting the District Courts' plea to the jurisdiction. While the record reveals that Smith had, in fact, filed both a motion for default judgment and a proposed order with the district clerk, there is no indication that the trial court ruled on Smith's motion or that the motion was ever brought to the attention of the trial court. *See Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (no duty for trial court to rule on motion not called to its attention); *see also In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (filing motion with district clerk does not establish that motion was brought to attention of trial court). We overrule Smith's third and fourth issues on appeal.[2]

---

[2] Smith has filed a motion for sanctions in this Court, arguing that the District Courts, represented by counsel from the Texas Attorney General's Office, filed frivolous pleadings in the trial court and "raised defenses that they knew to be false." Rule 45 of the Texas Rules of Appellate Procedure authorizes this Court to impose sanctions when an appeal is frivolous. Tex. R. App. P. 45. However, Smith does not contend that his own appeal is frivolous, and his request for sanctions based on pleadings filed in the trial court is not authorized by Rule 45. While a party may be sanctioned for frivolous pleadings filed in the trial court under Texas Rule of Civil Procedure 13, a motion for sanctions under Rule 13 is properly filed in the trial court, and the court's ruling on the motion is reviewed on appeal for an abuse of discretion. *See* Tex. R. Civ. P. 13; *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Here, there is no indication that Smith filed or obtained a ruling from the trial court on any motion for sanctions for which he now seeks review in this Court. Accordingly, we deny Smith's motion for sanctions. In any event, having overruled all of Smith's challenges to the trial court's grant of the District Courts' plea to the jurisdiction, we fail to see how the District Courts' plea to the jurisdiction could be considered frivolous.

## CONCLUSION

Having overruled all of Smith's issues on appeal, we affirm the order of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   April 9, 2015