

IN THE
TENTH COURT OF APPEALS

No. 10-15-00316-CV

IN RE MILTON LEE GARDNER

Original Proceeding

MEMORANDUM OPINION

Relator's Petition for Writ of Mandamus was filed with this Court on September 17, 2015. There are numerous procedural deficiencies with the petition, including but not limited to an inadequate record and the failure to serve the trial court as the respondent or the State of Texas as the real party in interest. TEX. R. APP. P. 52.7; 52.2; 9.5(a). However, to expedite a decision in this proceeding, we use Rule 2 to suspend the rules and overlook these and other deficiencies. *See* TEX. R. APP. P. 2.

Relator alleges he has filed an application for writ of habeas corpus with the trial court under the Texas Constitution article V, § 8 as a collateral challenge of his juvenile

conviction. Relator asserts that he is currently restrained in his liberty because this allegedly improper juvenile conviction was used to enhance an offense relator committed as an adult and for which he is currently incarcerated.

The petition for writ of mandamus to this Court does not identify the nature of the juvenile offense. Relator alleges, among other things, that the State has responded to his application for writ of habeas corpus, asserting the defense of latches, to which relator has filed a reply. He also asserts that neither of the District Court judges that have sat on the matter, apparently under an exchange of benches, has ruled on his application or the merits thereof.

Relator has not provided any of the referenced documents (the writ, the response, or the reply) or other motions and clerk's records he references in his petition. Moreover, he does not provide the date any of these documents were allegedly filed or hearings were allegedly held.

The trial court has a ministerial duty to timely rule on motions or matters filed with the court. *See In re Chavez*, 62 S.W.3d 225, 228-229 (Tex. App.—Amarillo 2001, orig. proceeding). However, without a record sufficient to show a violation of this duty, we cannot issue a mandamus against the trial court. *See In re Wallace*, No. 10-15-00065-CR, 2015 Tex. App. LEXIS 2682, *2 (Tex. App. Waco Mar. 19, 2015, orig. proceeding) (mem. op.). Accordingly, the petition for writ of mandamus is denied.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition denied
Opinion delivered and filed October 8, 2015
[OT06]

