

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-16-00414-CV

___

IN RE WESTERN ROYALTY CORPORATION, RELATOR

___

ORIGINAL PROCEEDING

___

November 10, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Western Royalty Corporation, filed a petition asking the Court to issue a writ of mandamus directing respondent, the Honorable William C. Sowder, judge of the 99th District Court of Lubbock County, to "set a final hearing on [Western Royalty's] motion to dismiss baseless cause of action under TRCP 13." The prayer requests a writ of mandamus compelling Judge Sowder to "set a trial" on the motion to dismiss.

To obtain mandamus relief, Western Royalty must demonstrate Judge Sowder clearly abused his discretion and Western Royalty has no adequate remedy by appeal. *See In re Prudential Insurance Company of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (stating the standard). Mandamus may issue to compel a trial

court to rule on a matter pending before the court for a reasonable time but no abuse of discretion can be found unless the relator establishes the court had a legal duty to perform a non-discretionary act, was asked to perform the act, and failed or refused to do so. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

According to the limited mandamus record, Western Royalty's "motion to dismiss baseless cause of action," filed on September 29, 2016, sought dismissal of the March 10, 2014 petition filed against Western Royalty by real party in interest Robert Westerburg. We addressed the trial court's judgment in that case in an appeal last year. *See Westerburg v. Western Royalty Corp.,* No. 07-15-00082-CV, 2015 Tex. App. LEXIS 12612 (Tex. App.—Amarillo Dec. 11, 2015, pet. denied) (mem. op.).

The mandamus record further shows Judge Sowder heard Western Royalty's motion to dismiss on October 14, and denied it by order signed November 6. A hearing of post-judgment matters is scheduled for December 1. According to Western Royalty this is the "final hearing."

We find no merit to Western Royalty's request that we direct Judge Sowder to "set a final hearing on [Western Royalty's] motion to dismiss baseless cause of action under TRCP 13," or, as its prayer states it, to "set a trial" on the motion to dismiss.

According to Western Royalty's petition, a hearing was held on its motion to dismiss. The court has denied the motion. According to Western Royalty, a "final hearing" on the motion is set for December 1. The mandamus record contains nothing showing Western Royalty has requested anything more of Judge Sowder. Finding

2

Western Royalty has not shown an abuse of discretion by Judge Sowder, we deny its petition.[1]

Per Curiam

---

[1] The petition contained procedural deficiencies. Rule of civil procedure 13 was the only authority cited and without elaboration, *see* TEX. R. APP. P. 52.3(h) (argument in petition requires appropriate citation to authorities); no certification was attached, *see* TEX. R. APP. P. 52.3(j) (certification requirement); and the documents Western Royalty attached were not certified or sworn, *see* TEX. R. APP. P. 52.3(k)(A) (appendix), 52.7(a)(1) (record). These omissions were not a basis for our disposition, however.