

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00036-CR

## IN RE WILLIAM CHARLES WEBB

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, Relator William Charles Webb seeks mandamus relief against the respondent trial judge on the allegation that Respondent has failed to determine whether Webb is indigent and to rule on Webb's request for appointment of counsel under Chapter 64 of the Code of Criminal Procedure.[1]

Code of Criminal Procedure article 64.01(c) provides:

A convicted person is entitled to counsel during a proceeding under this chapter.  The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion

---

[1] The petition for writ of mandamus has several procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  It lacks a proper proof of service; a copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service.  *Id.* 9.5.  Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only.  *Id.* 2.

to be filed, and the court determines that the person is indigent. Counsel must be appointed under this subsection not later than the 45th day after the date the court finds reasonable grounds or the date the court determines that the person is indigent, whichever is later. . . .

TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2017). Webb asserts that his declaration of inability to pay costs and request for appointment of counsel were "requested [and] filed with [Respondent], by U.S. postal mail dated 1-1-2018" and that Respondent still has not determined whether Webb is indigent and ruled on his request for appointment of counsel.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Webb acknowledges that he mailed his declaration of inability to pay costs and request for appointment of counsel less than forty-five days ago. Therefore, even if we assume that Webb has provided an adequate record showing that his declaration of inability to pay costs and request for appointment of counsel have been properly filed and are before the judge, we cannot conclude that the record shows that Respondent has had a reasonable time to determine whether Webb is indigent and to rule on his request for appointment of counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

Accordingly, we deny Webb's petition for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed February 7, 2018
[OT06]

