

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00179-CV

IN RE ANTHONY LOCKETT, RELATOR

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

July 9, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Anthony Lockett (relator) petitioned this court for a writ of mandamus directing the trial judge for the 140th Judicial District Court to rule on a pending motion. The motion involves a request to borrow the "existing trial record" of his criminal prosecution "on a loan basis." The criminal prosecution is that assigned cause number 2009-422,947 wherein he was convicted sometime prior to 2012 of possessing a controlled substance. We deny the petition.

The record before us indicates that relator filed his motion to borrow the record with the district clerk of Lubbock County, Texas on or about November 18, 2018. Despite requesting the district clerk to "bring this matter to the Court's attention," nothing of record illustrates that the trial court was made aware of it. While a trial court may have a

ministerial duty to act upon a properly filed and pending motion, it has a reasonable time within which to do it. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). More importantly, it must know of the motion and need to act before one can conclude it failed to perform the ministerial duty. *Id.*; *accord*, *In re Martinez*, No. 07-14-00343-CV, 2014 Tex. App. LEXIS 11058, at *2 (Tex. App.—Amarillo Oct. 6, 2014, orig. proceeding) (per curiam) (mem. op.). The burden lies with the relator to satisfy the latter element, and he does not do so by merely showing that the motion was filed with the district clerk. *Chavez*, 62 S.W.3d at 229. As said in *Chavez*, "it would be incumbent upon [relator] to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it." *Id.* at 228. Again, neither the relator's petition for writ of mandamus nor the appendix accompanying it reveal whether the trial court knew of relator's motion to borrow the record in question. Consequently, relator failed to satisfy a prerequisite to obtaining a writ of mandamus from this court.

The petition for writ of mandamus is denied.


Per Curiam