**DENIED and Opinion Filed September 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00829-CV

## IN RE JEROME JOHNSON, Relator

**Original Proceeding from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION
Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Bridges

In this original proceeding, relator Jerome Johnson seeks a writ of mandamus directing the trial court to rule on his request to take judicial notice of various errors and deficiencies in the record from his 2003 trial. He further requests this Court take judicial notice of what he describes as official records attached to his petition. We deny the petition for four reasons.

First, to establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter

complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the request, requested a hearing and/or ruling on the request, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). In the appendix index filed with his petition, relator lists as appendix item number four: "A Copy of the Current Court's Docket Sheet and log indicating the courts receipt of the motion, Already on file see mandamus Record 05-19-00708-CV." Within the appendix in the spot for item number four, there is a sheet of paper with the handwritten notation, "The original Docket Sheet indicating the Clerk of said court was in possession of the Motion/Ds/Request for Judicial Notice." No docket sheet is included.

Cause no. 05-19-00708-CV is the first of a series of three mandamus proceedings relator has filed arising from the same trial court case. The mandamus record in that case contains a page of what appears to be an uncertified partial copy of a docket sheet running from July 31, 2001 to May 16, 2018. Even if we were to accept the uncertified page as the trial court's docket sheet, it sheds no light on what transpired on or after February 28, 2019—the date relator claims he filed his request for judicial notice. The request for judicial notice itself does not bear a file stamp although there is a file stamped cover letter that states the request is being filed.

Relator requests that we take judicial notice of official records allegedly attached to his petition consisting of State's exhibits and testimony from his trial. We note that in the appendix index, items six through eight describe state's exhibits from his trial and portions of the reporter's record. However, no documents are attached in the spots for appendix items six and seven and appendix item eight is a letter relator allegedly wrote to the district attorney. Thus, relator has not

presented a sufficient record for the Court to take any action on his request for judicial notice from this Court.

Secondly, relator's request asks the trial court to take judicial notice pursuant to Texas Rule of Evidence 201. Rule of evidence 201(d) grants the trial court discretion to take judicial notice "at any stage of the proceeding." Because relator's post-judgment legal issues are ongoing, we cannot conclude the trial court's ministerial duty to rule upon relator's request has ripened to the point where we can compel the trial court to act. *See* TEX. R. EVID. 201(d); *In re Echols*, No. 10-16-00059-CV, 2016 WL 1069030, at *1 (Tex. App.—Waco Mar. 17, 2016 (orig. Proceeding) (mem. op.).

Thirdly, even if we assume the trial court has a ripened duty to act upon relator's request, the trial court must be afforded a reasonable time to perform its ministerial duty. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001) (orig. proceeding). The time period considered reasonable depends upon the circumstances of each case and may involve consideration of criteria such as the trial court's actual knowledge of the motion, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *Id*. at 228–29. Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id*. at 229.

Relator has not filed any evidence that would allow the Court to consider the state of the trial court's docket and other pending matters. From appellant's filings in this case and two other mandamus actions pending before this Court, we note that appellant has placed before the trial court several lengthy filings requesting rulings.[1]

---

[1] In addition to this case, relator has a pending mandamus proceeding pending in cause no. 05-19-00708-CV. The Court recently denied relief to relator in cause no. 05-19-00725-CV.

We conclude the record does not show the trial court is refusing to rule on relator's request. We further conclude that relator has not shown that, under the circumstances presented, a reasonable time to rule upon the pending motion has expired. *See Chavez*, 62 S.W.3d at 228–29.

Finally, relator filed his request for judicial notice in the trial court and his petition for writ of mandamus in this Court as a *pro se* litigant. Subsequently, the trial court has appointed counsel to represent relator in his various matters. Counsel has made an appearance in this Court, but has not endorsed relator's *pro se* filings. Relator is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.2d 919, 922 (Tex. Crim. App. 2007). A trial court has no duty to rule upon pending *pro se* motions when counsel is appointed for relator. *See id*.

Because the record is insufficient to establish that the request has been properly filed, timely presented, and that the trial court was asked to rule but failed to do so; the rules of evidence grant the trial court discretion regarding when to rule on a request for judicial notice; relator has not shown the trial court has had a reasonable time to rule upon the request; and relator is not entitled to hybrid representation; relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

190829F.P05

–4–