

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00073-CR

IN RE JOSEPH HERCULES NORTON, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

March 16, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before the Court is the pro se petition for writ of mandamus. Through it, Joseph Hercules Norton seeks to compel the Honorable Ron Enns, presiding judge of the 69th Judicial District, to act upon an "11.07 Habeas Corpus Writ" ("Cause No.33796A-766") allegedly filed with that court. We deny the petition.

First, a relator is obligated to accompany his petition with an appendix containing documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the underlying complaint is that the trial court has failed to act upon an application for writ of habeas corpus within a reasonable time. The purported application for that writ would be a document showing the "matter complained of." Yet, Norton filed no appendix, nor did he otherwise accompany his petition to us with the document.

Second, nothing supplied us establishes that the application for writ of habeas corpus was presented to the court or the court otherwise knew of same. Such a flaw in the record is fatal to Norton's attempt at securing relief. We have held that a "trial court cannot be found to have abused its discretion [for purposes of securing a writ of mandamus] until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A complaint criticizing alleged inaction of a court upon a pending application for a writ of habeas corpus "would necessarily require [the complainant] to illustrate that the trial court was aware of the motion." *Id.* Merely filing the motion with the court's clerk does not alone illustrate the court garnered the requisite knowledge or awareness, however. *Id.* Norton has not shown that the trial court at bar has knowledge or is otherwise aware of his "11.07 Habeas Corpus Writ."

Other steps in illustrating entitlement to the equitable writ of mandamus went unsatisfied as well. That is, the need to consider and rule upon a motion is not a discretionary act. *Id.* Rather, when a motion is properly filed and pending, the act of considering and resolving it is ministerial. *Id.* However, the trial court has a reasonable time within which to perform, *id.*, as Norton apparently concedes here. Whether such a period lapsed without action depends upon the circumstances of each case. *Id.* Moreover, no bright line demarcates the boundaries of a reasonable period. *Id.* Its borders depend upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed

first.  *Id.* at 228–29.  So too must the trial court's inherent power to control its docket be factored into the mix.  *Id.* at 229.  Norton presented us with no record addressing these indicia, and it was his burden to provide it.  Consequently, he has not proved himself entitled to relief.

The petition for writ of mandamus is denied.  The Clerk of this Court is directed to serve the Honorable Ron Enns with a copy of this order and the petition for writ of mandamus it denies in a manner affording Judge Enns actual notice of same.

Brian Quinn
Chief Justice

Do not publish.