

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00367-CR
_____

IN RE FABIAN ARGUIJO, RELATOR

ORIGINAL PROCEEDING

December 21, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Fabian Arguijo, a prison inmate appearing pro se and *in forma pauperis*, has filed a petition requesting our writ of mandamus issue against the Honorable Roland D. Saul, Judge of the 222nd District Court of Deaf Smith County, Texas. Relator desires an order compelling Respondent to rule on a motion for judgment nunc pro tunc seeking "jail time credits" and to relieve Relator from any obligation to repay court-appointed attorney's fees of $16,000.[1] According to Relator, "thirty working days" have passed but Respondent has taken no action on Relator's motion.

---

[1] Concerning the attorney fee allegation, Relator has not supplied the trial court cause number of the case for which he seeks relief from such fees. However, in his direct appeal in *Arguijo v. State*, No. 07-17-00240-CR, 2018 Tex. App. LEXIS 8153, at *7–8 (Tex. App.—Amarillo Oct. 5, 2018, pet. ref'd) (mem. op., not designated for publication) this Court modified a judgment against Relator by removing assessed attorney's fees of $15,263.94.

For numerous reasons we deny Relator's request for mandamus relief. The petition does not include the certification required by Rule 52.3(j), nor sworn portions of the relevant record, as required in Rules 52.3(k) and 52.7(a). TEX. R. APP. P. 52.3(j),(k); 52.7(a). Relator's complaint that he cannot comply with the requirements for a record because he possesses no order denying his motion in the district court fails to account for the other documents that are necessary for our review in this original proceeding. Absent documentary proof in the record, we do not take Relator's alleged facts as true simply because he says they occurred.

Moreover, a trial court has no legal duty to perform a nondiscretionary act that is never called to its attention. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Metoyer,* No. 07-07-00506-CR, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex. App.—Amarillo Jan. 14, 2008, orig. proceeding) (mem. op., not designated for publication). Merely filing a motion with the clerk does not prove it was brought to the attention of the trial court. *Id.* We have no record evidence that Relator's motion was ever received by the district court. Further, Relator fails to show how the trial court's failure to rule on his motion within "thirty working days" constitutes an unreasonable delay. *See Chavez,* 62 S.W.3d at 228.

Based on Relator's petition it is not possible to conclude Respondent clearly abused his discretion. We therefore deny Relator's petition.

Per Curiam

Do not publish.

2