

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00043-CR

IN RE EARL WILLIS BENALLY, RELATOR

ORIGINAL PROCEEDING

February 1, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is Relator's pro se petition for writ of mandamus. Through it, Relator, Earl Willis Benally, seeks to compel the Honorable Douglas H. Freitag, presiding judge of the 140th Judicial District, to act upon Benally's *Motion for "90-Day" Loan of the Trial Records* he claims to have filed on November 14, 2022.

Though Benally has provided a limited appendix containing a copy of the motion without a file stamp bearing the time of filing, nothing supplied us establishes that his motion was presented to the trial court or that the trial court otherwise knew of same. Such a flaw in the record is fatal to Benally's attempt at securing relief. We have held that a "trial court cannot be found to have abused its discretion [for purposes of securing a writ of mandamus] until the complainant establishes that the court 1) had a legal duty

to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see In re Norton*, No. 07-22-00073-CR, 2022 Tex. App. LEXIS 1805, at *2 (Tex. App.—Amarillo Mar. 16, 2022, orig. proceeding) (mem. op., not designated for publication). A complaint criticizing alleged inaction of a court upon a pending motion "would necessarily require [the complainant] to illustrate that the trial court was aware of the motion." *Id.*[1] Benally has failed to do so here.

We deny Benally's petition for writ of mandamus for this reason. The Clerk of this Court is directed to serve the Honorable Douglas H. Freitag with a copy of this order and the petition for writ of mandamus (and attachments thereto) in a manner affording Judge Freitag actual notice of same.

It is so ordered.

Per Curiam

Do not publish.

---

[1] Though we note that the copy of the motion in Benally's appendix does not bear a file stamp, we caution that "[m]erely filing the motion with the court's clerk does not alone illustrate the court garnered the requisite knowledge or awareness." *See In re Norton*, 2022 Tex. App. LEXIS 1805, at *2.