

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00268-CR

**IN RE MATTHEW LEE FLOWERS, RELATOR**

ORIGINAL PROCEEDING

September 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before the Court is the pro se petition for writ of mandamus filed by relator Matthew Lee Flowers. Through it, he seeks a writ of mandamus directing the Honorable Steven Emmert, presiding judge of the 31st District Court, to rule on relator's "Petition for Expunction of [A]rrest." We deny his petition for the following reasons.

First, the person filing the petition must certify that he reviewed the document and concluded that every factual allegation therein is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Relator omitted such certification from his petition.

Second, in *In re Chavez*, we held that a trial court cannot be found to have abused its discretion for purposes of mandamus until the complainant establishes that it 1) had a

legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The need to consider and rule upon a motion is not a discretionary act. *Id.* Rather, when the motion is properly filed and the court is aware of it, the act of considering and resolving it is ministerial. *Id.*

However, the trial court has a reasonable time within which to perform. *Id.* Whether such a period lapsed without action depends upon the circumstances of each case. *Id.* Moreover, no bright line demarcates the boundaries of a reasonable period. *Id.* Its borders depend upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion or petition, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* at 228–29. So too must the trial court's inherent power to control its docket be factored into the mix. *Id.* at 229. Relator presented no supporting record illustrating that the trial court knew of his petition and failed to act upon it in a reasonable time. This failure likewise precludes us from issuing a writ of mandamus.

To reiterate, the petition for writ of mandamus is denied. The Clerk of this Court is directed to serve the Honorable Steven Emmert with a copy of this order and the petition for writ of mandamus in a manner affording Judge Emmert actual notice of same.

Brian Quinn
Chief Justice

Do not publish.

2