

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00322-CR

---

**IN RE MATTHEW LEE FLOWERS, RELATOR**

---

ORIGINAL PROCEEDING

---

November 13, 2024

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Pending before the Court is the pro se petition for writ of mandamus filed by relator, Matthew Lee Flowers. Through it, he seeks a writ of mandamus directing the Honorable Steven Emmert, presiding judge of the 31st District Court, to rule on relator's Petition for Expunction. The trial court's having set that Petition for hearing on December 23, 2024, and our finding that relator failed to show himself entitled to extraordinary relief of mandamus, we deny his petition.

In *In re Chavez*, we held that a trial court cannot be found to have abused its discretion for purposes of mandamus until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001,

orig. proceeding). The need to consider and rule upon a motion is not a discretionary act. *Id.* Instead, when the motion is properly filed and the court is aware of it, the act of considering and resolving it is ministerial. *Id.*

However, the trial court has a reasonable time within which to perform. *Id.* Whether such a period lapsed without action depends upon the circumstances of each case. *Id.* Further, no bright line defines the boundaries of a reasonable period. *Id.* Its borders depend upon several criteria, including the trial court's awareness of the motion and overt refusal to act on it, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* at 228-29. So too must the trial court's inherent power to control its docket be considered. *Id.* at 229.

The record before us shows that relator petitioned for expunction on June 7, 2024. The trial court scheduled December 23, 2024, as the date on which the matter will be heard. When the trial judge first garnered actual notice of the expunction request is unknown; while the attachments to his petition for mandamus relief suggest that others may have known of relator's request, they do not illustrate that the trial court had such knowledge. *See id.* at 228 (stating that one complaining of the trial court's failure to convene a hearing and rule upon a motion necessarily requires the petitioner to illustrate that the trial court was aware of the motion and observing the absence of any rule mandating that notice of a matter held by the district clerk is imputed to the trial judge). Nor has relator provided argument or evidence touching upon the tenor of the trial court's docket and administrative calendar. We are left to guess at whether relator's effort to expunge records is of higher priority than other matters which may pend on either the docket or calendar. Our hesitation to interfere with the trial court's power to control its

2

docket and administrative duties grows under these circumstances and the meager record provided us. Nor has relator cited us to authority holding that the time period between motion, hearing, and eventual disposition at bar is unreasonable, as a matter of law. Thus, we cannot say relator satisfied the burden imposed by *Chavez*.

Relator's petition for a writ of mandamus is denied. The Clerk of this Court is directed to serve the Honorable Steven Emmert with a copy of this order and the petition for writ of mandamus in a manner affording Judge Emmert actual notice of same.

Brian Quinn
Chief Justice

Do not publish.

3