**DISMISS and DENY; and Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00745-CV

### IN RE GARY EUGENE SIMS, Relator

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0045450-S**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus asserting two complaints. First, he contends the district clerk has not returned file marked copies of his motion to vacate the indictment, motion to compel and his request for settings of the motions. Second, he contends that the trial court has not ruled on his motion to dismiss the indictment, which he states was filed on April 29, 2015.

The Court's power to issue a writ of mandamus is set forth in section 22.221 of the Texas Government Code. Because the Dallas County District Clerk is not a judge, the district clerk falls within our mandamus jurisdiction only to the extent necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004) (writ power). None of the allegations in the petition suggest that the district clerk's failure to return a copy of relator's motions and

request for setting threatens this Court's jurisdiction in any manner.[1] Accordingly, we lack jurisdiction over the petition to the extent it seeks relief against the district clerk.

With respect to relator's complaint that the trial court has failed to rule on his motion, nothing in the mandamus record suggests the trial court has violated a ministerial duty in failing to rule on relator's motion. No litigant is entitled to a hearing at whatever time he may choose. *In re Chavez,* 62 S.W.3d 225, 229 (Tex. App.–Amarillo 2001, orig. proceeding). A trial court has a reasonable time within which to consider a motion and to rule. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). On this record we cannot conclude the trial court has failed to rule within a reasonable time.

We **DISMISS** the petition to the extent it seeks relief against the district clerk and **DENY** the petition to the extent it seeks relief against the trial court.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150745F.P05

---

[1] Relator was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *Sims v. State,* No. 08–01–00121–CR, 2002 WL 1482389 (Tex. App.–El Paso July 11, 2002, pet. ref'd) (not designated for publication). The appeal was transferred from this Court to the Eighth District Court of Appeals at El Paso pursuant to a Texas Supreme Court docket equalization order.