

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00207-CR

---

IN RE ZACHERY RENE LAMAS, RELATOR

---

ORIGINAL PROCEEDING

---

October 27, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator Zachery Rene Lamas, a prison inmate appearing pro se and *in forma pauperis,* filed a petition seeking a writ of mandamus against the Honorable Kregg Hukill, Judge of the 242 District Court of Hale County.[1]  Relator seeks an order compelling Judge

---

[1] It is the burden of a relator seeking a writ of mandamus in a criminal case to properly show the trial court violated a ministerial duty and the nonexistence of an adequate remedy at law.  *In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  The required violation of a ministerial duty means the relator has "'a clear right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."  *Simon v. Levario,* 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding).  "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate."  *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding).

Hukill to either rule on a pending motion[2] to dismiss for failure to conduct a speedy trial under the Interstate Agreement on Detainers Act[3] or to vacate a ruling adverse to Relator on his motion and render an order dismissing the prosecution against Relator.

Because Relator's petition does not conform with the requirements of Texas Rules of Appellate Procedure 52.3 (form and contents of petition for writ of mandamus) and 52.7 (record for mandamus) it is not possible for us to assess whether Judge Hukill acted unreasonably and whether Relator lacks an adequate remedy at law. We therefore deny Relator's petition.

Per Curiam

Do not publish.

---

[2] When a relator seeks a writ of mandamus ordering a trial court to rule on a pending motion, the relator must establish that 1) the trial court had a legal duty to perform a nondiscretionary act, 2) performance was demanded, and 3) the court refused to act. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Goodson,* No. 07-18-00114-CV, 2018 Tex. App. LEXIS 3175, at *1-2 (Tex. App.—Amarillo May 4, 2018, orig. proceeding) (mem. op.). A trial court cannot be expected to consider a request for relief not called to its attention. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Furthermore, filing a request for relief with the district clerk does not prove the motion or pleading was brought to the attention of the trial court because the clerk's knowledge of the filing is not imputed to the trial court. *Id.* Therefore, a "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-00506-CR, 2008 Tex. App. Lexis 243, at *4 n.2, (Tex. App.—Amarillo Jan. 14, 2008, orig. proceeding) (mem. op., not designated for publication) (cleaned up).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 51.14.