

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00057-CR

IN RE JESUS GONZALEZ, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

March 8, 2022

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before the Court is the third pro se petition for writ of mandamus filed by Jesus Gonzalez, relator. This petition nearly mirrors one, filed February 14, 2022, and disposed of by our opinion dated February 18, 2022. He again seeks a writ directing the Honorable Roland Saul, presiding judge of the 222nd District Court, Oldham County, to rule upon a pending motion to modify a prior final judgment or issue a judgment nunc pro tunc. Finding that relator's third petition suffers many of the same deficiencies as his earlier filings, we again deny the petition.

In *In re Chavez* we said that "a trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so." 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The need to

consider and rule upon a motion is not a discretionary act. *Id.* Rather, when the motion is properly filed and pending before a court, the act of considering and resolving it is ministerial. *Id.* However, the trial court has a reasonable time within which to perform. *Id.* Whether such a period lapsed without action depends upon the circumstances of each case. *Id.* Moreover, no bright line demarcates the boundaries of a reasonable period. *Id.* Its borders depend upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* at 228–29. So too must the trial court's inherent power to control its docket be factored into the mix. *Id.* at 229. Relator presented us with a deficient record touching upon these indicia, and it was his burden to do that. Consequently, he has not proved himself entitled to relief.

The petition for writ of mandamus is denied. As directed in our February 18, 2022 opinion, the Clerk of this Court is directed to serve the Honorable Roland Saul with a copy of this order and the petition for writ of mandamus (and attachments thereto) it denies in a manner affording Judge Saul actual notice of same.

Per Curiam

Do not publish.