

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-24-00149-CR

IN RE CHRISTOPHER ROBINSON, RELATOR

ORIGINAL PROCEEDING

April 26, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before the Court is the pro se petition for writ of mandamus filed by Christopher Robinson. Through it, he seeks a writ of mandamus directing the Honorable William R. Eichman II, presiding judge of the 364th District Court, Lubbock County, to either 1) rule on his purported motion for speedy trial, 2) rule on his purported motion to dismiss "for improper Grand jury proceedings," and/or 3) dismiss the prosecution for withholding a hearing on his speedy trial motion. Finding that relator has failed to show himself entitled to extraordinary relief of mandamus, we deny his petition.

First, a relator is obligated to accompany his petition with an appendix containing documents "showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A); 52.7. Here,

the documents falling within that category would be the motions to dismiss and for speedy trial. Yet, relator failed to provide them in either an appendix or some other form. This precludes us from granting the relief sought.

Second, in *In re Chavez*, we held that a trial court cannot be found to have abused its discretion for purposes of mandamus until the complainant establishes that it 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The need to consider and rule upon a motion is not a discretionary act. *Id.* Rather, when the motion is properly filed and the court is aware of it, the act of considering and resolving it is ministerial. *Id.*

However, the trial court has a reasonable time within which to perform. *Id.* Whether such a period lapsed without action depends upon the circumstances of each case. *Id.* Moreover, no bright line demarcates the boundaries of a reasonable period. *Id.* Its borders depend upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* at 228–29. So too must the trial court's inherent power to control its docket be factored into the mix. *Id.* at 229. Relator presented no supporting record illustrating that the trial court knew of his motions and failed to act upon them in a reasonable time. This too precludes us from issuing a writ of mandamus.

We deny relator's petition for writ of mandamus for the foregoing reasons. The Clerk of this Court is directed to serve the Honorable William R. Eichman II with a copy

2

of this order and the petition for writ of mandamus in a manner affording Judge Eichman actual notice of same.

Brian Quinn
Chief Justice

Do not publish.